Argued September 30, affirmed October 13, 1914.

## HARRISON v. PACIFIC RY. & NAV. CO.

(144 Pac. 91.)

**Continuance—Discretion of Court.**

1.  The matter of continuance of the trial is within the sound discretion of the trial court.

**Continuance—Grounds—Absence of Evidence.**

2.  The refusal of a continuance, asked by the defendant to obtain exemplifications of the probate records of an adjoining county, to establish the authority for execution of an administrator's deeds of tide-lands, which were offered in evidence, was not an abuse of dis-

cretion, where there was no dispute at the trial about defendant's ownership of the tide-lands; the question involved being one of law as to plaintiff's rights as owner of the adjoining upland.

[As to when parties are entitled to a continuance of trial of civil action, see note in 74 Am. Dec. 741.]

**Jury—Challenges—Bias.**

3. Under Section 121, L. O. L., stating as a cause of challenge to a juror the existence of a state of mind which satisfies the trier that he cannot try the issue impartially, the question whether jurors, who were either depositors or debtors of a bank of which the plaintiff was president, and who stated on *voir dire* that their relations with the bank would not influence them, could act impartially was one of fact for the trier.

[As to bias, or prejudice, or interest that disqualifies a juror, see note in 9 Am. St. Rep. 744.]

**Exceptions, Bill of—Exhibits—Questions Presented for Review.**

4. An exhibit containing all the evidence and a complete record and history of all that transpired at the trial attached to the bill of exceptions, is not part of the bill of exceptions, and, if it were, could not be considered except to determine the correctness of a ruling on motion for nonsuit or directed verdict.

**Navigable Waters—Tide-lands—Rights of Owner.**

5. Any rights a party may acquire to tide-lands are subject to the *jus publicum*, including the rights of navigation and fisheries in waters which alternately cover and uncover the lands.

**Eminent Domain—Compensation to Owner—Elements.**

6. Where the construction of a railroad prevents access by the owner of upland or timber land to tide water, such prevention of access is a proper element of damages.

**Eminent Domain—Compensation to Owner of Property—Injuries to Property not Taken.**

7. On the exercise of the right of eminent domain by a railroad company, the owner of the land may recover, not only the fair value of the land taken, but also compensation for injuries to the remainder of the tract.

From Tillamook: William Galloway, Judge.

Department 1. Statement by Mr. Justice Burnett.

The plaintiff, M. W. Harrison, alleges himself to be the owner of certain lands in Tillamook County, part of which he says abuts upon Tillamook Bay, an arm of the sea in which the tide ebbs and flows. He further states that the Pacific Railway & Navigation Company, a corporation, constructed its railroad over part of his

land in such a way as to cut off his access to those tidal waters so that it not only appropriated to its own use the land actually occupied by its track, but also damaged his remaining land, in that he was practically prevented from utilizing the timber growing on that part of his premises.

The answer on the merits admits the appropriation of about two acres of the plaintiff's land for the construction of the defendant's railroad, and that the plaintiff has 3,700,000 feet of merchantable timber on the remainder of his land, but otherwise traverses the allegations of the complaint. From a judgment for the plaintiff the defendant appeals.      AFFIRMED.

For appellant there was a brief over the names of *Mr. P. P. Ferrens, Mr. William D. Fenton, Mr. Ralph E. Moody, Mr. Wallace McCamant* and *Mr. John F. Reilly,* with an oral argument by *Mr. Ferrens.*

For respondent there was a brief with oral arguments by *Mr. A. E. Clark* and *Mr. H. T. Botts.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The contention of the defendant is that the Circuit Court erred in the following particulars: (1) It did not grant a continuance; (2) it permitted biased jurors to sit in the trial; (3) it permitted immaterial and prejudicial testimony to be introduced; and (4) it gave erroneous instructions as to the measure of damages and as to what might be considered in determining the amount thereof.

1, 2. The action was commenced April 4, 1912, and brought to trial April 24, 1913, having been set on the 18th of that month. One contention of the defendant

was that it owned a controlling interest in the tide-lands in front of the premises of the plaintiff, and that consequently he had no access to the navigable waters of Tillamook Bay for the purpose of marketing his timber. It appears that the defendant deraigned title to those tide-lands through certain administrator's deeds in estates settled in the adjoining county of Clatsop. These conveyances were of record in Tillamook County. The postponement of the trial was for the purpose of obtaining exemplifications of the probate records of Clatsop County to establish the authority for the execution of the administrator's deeds. The deeds themselves were offered and received in evidence at the trial, and there was no apparent contention against their efficacy as muniments of defendant's title. For all that appears in the record there was no dispute at the trial about defendant's ownership of the tide-lands. The question involved appears to have been one of law as to the rights of the plaintiff as owner of the adjoining upland to navigate the waters of the bay when the tide should cover the defendant's lands described in the administrator's deeds. The matter of postponement of the trial is within the sound discretion of the trial court: *Lew* v. *Lucas,* 37 Or. 208 (61 Pac. 344) ; *Linn County* v. *Morris,* 40 Or. 415 (67 Pac. 295). In the absence of any contest over the title of the defendant to the tide-lands mentioned, we cannot say that the Circuit Court abused its discretion in denying the postponement.

3. The alleged bias of the jurors of which the defendant complains consisted in the fact that the plaintiff was the president and principal owner of a bank in Tillamook, which was patronized by at least nine of the jurors who sat in the trial of the case. They were either depositors in the bank or owed it small sums of

money, and all declared in substance, on *voir dire,* that
the indirect relation they sustained to the plaintiff by
virtue of their business dealings with the bank with
which he was connected would not influence them in
their decision of the case.   This feature was elabo-
rated by the examination of the jurors in question and
over the objection of the defendant the court accepted
them for the trial of the cause.   In such a case the par-
ticular cause of challenge defined in Section 121,
L. O. L., is:                                          •

"For the existence of a state of mind on the part of
the juror, in reference to the action, or to either party,
which satisfies the trier, in the exercise of a sound dis-
cretion, that he cannot try the issue impartially and
without prejudice to the substantial rights of the party
challenging, and which is known in this Code as actual
bias."

We cannot say as a matter of law that the relation-
ship described above disqualified the jurors.   The
propriety of such men acting in that capacity is a ques-
tion of fact to be determined by the trial court from all
the evidence, and unless an abuse of discretion clearly
appears, we cannot overturn its conclusion.   The men
themselves were before the court.   The judge observed
them and under such circumstances was far more
capable of determining whether they would act im-
partially than we who only see the paper record: *State*
v. *Armstrong,* 43 Or. 207 (73 Pac. 1022) ; *State* v. *Me-
gorden,* 49 Or. 259 (88 Pac. 306, 14 Ann. Cas. 130) ;
*State* v. *Caseday,* 58 Or. 429 (115 Pac. 287) ; *State* v.
*Humphrey,* 63 Or. 540 (128 Pac. 824).

4. The bill of exceptions proper in this case contains
no statement whatever of the testimony adduced.   It
is true there is attached to the bill of exceptions as an
exhibit what is characterized as containing all the evi-

dence and a complete record and history of all that transpired at the trial of the cause. This, however, is no part of the bill of exceptions, and if it were, could not be considered for any purpose except that of determining the correctness of the decision of the court of a motion for a nonsuit or for a directed verdict: *National Council* v. *McGinn*, 70 Or. 457 (138 Pac. 493).

The assignments of error in the instructions may be classified under two heads: (1) Conceding that the defendant was seised of the tide-lands in Tillamook Bay, and that the plaintiff owned the uplands bordering thereon, the court erred in allowing the jury to consider, as an element of damage, that the plaintiff was deprived of access to those tidal waters by the building of the defendant's road; (2) in permitting the jury to consider as an element of damage, not only the actual value of the land occupied by the defendant's road, but also the effect upon the remaining land based upon the greater difficulty in marketing the plaintiff's standing timber.

5. Whatever rights a party may acquire to tidelands, they are subject to the *jus publicum,* which includes the rights of navigation and fishery in the waters, which alternately cover and uncover the lands twice in 24 hours: *Bowlby* v. *Shively*, 22 Or. 410 (30 Pac. 154); *Corvallis & Eastern Ry.* v. *Benson*, 61 Or. 359 (121 Pac. 418).

6. The tidal waters in any arm of the sea constitute nature's highway, and the situation presented is analogous to one where a public county road should be laid out and established over the defendant's upland. Under such circumstances, if it did any act to prevent the plaintiff's lawful access to such a highway, it would be an element of damage. Here, in a certain sense, was a highway over the defendant's land, at least dur-

ing such time as the water would permit the flotation
of logs.   If the plaintiff could obtain access to that
water for such purposes, the deprivation of that right
would constitute an element of damage if caused by
the construction of the defendant's road.   Besides all
this, if it were possible for access to be obtained to the
tide-lands for logging purposes by purchase or other-
wise, any act of the defendant which would render such
access impossible would of course tend to depreciate
the value of the land upon which the timber grew, and
which would be the subject of logging operations.   In
other words, the mere proximity of land to tide water
is an enhancement of value not possessed by land at
some inaccessible point in the distant interior.   If,
therefore, this adjacency to navigation is seriously im-.
paired or practically destroyed so as to make plain-
tiff's lands substantially as inaccessible as the interior
land, that fact ought to be submitted to the jury with
others illustrating the situation, and considered in
estimating the damage resulting from the acts of the
defendant.

7. It is well settled that in estimating the damages
accruing to a land owner from the exercise of right of
eminent domain by a railway company the owner of
the fee is entitled to recover, not only the fair value of
the land actually taken, but also for the injury to the
remainder of the same tract.   It is apparently without
dispute that the principal value of the plaintiff's land
consists in the marketable timber growing thereon.
Anything, therefore, which would destroy the market
value of that timber would be an element of damage,
and the court was clearly within the bound of the law
in submitting that feature to the jury: *Sharp* v. *United
States,* 191 U. S. 341 (48 L. Ed. 211, 24 Sup. Ct. Rep.
114) ; *Haggard* v. *School Dist.,* 113 Iowa, 486 (85 N. W.

777); *Kansas City S. B. R. Co.* v. *Norcross,* 137 Mo. 415 (38 S. W. 299); *Chicago, R. I. & P. R. Co.* v. *George,* 145 Mo. 38 (47 S. W. 11); *Tri-State T. & T. Co.* v. *Cosgriff,* 19 N. D. 771 (124 N. W. 75, 26 L. R. A. (N. S.) 1171); *Chattahoochee Valley R. Co.* v. *Bass,* 9 Ga. App. 83 (70 S. E. 683); *Stuttgart & R. B. R. Co.* v. *Kocourek,* 101 Ark. 47 (141 S. W. 511); *Hauge* v. *La Crosse & S. E. Ry. Co.,* 148 Wis. 288 (134 N. W. 368); *Baker* v. *Pennsylvania R. R. Co.,* 236 Pa. 479 (84 Atl. 959); *Flemister* v. *Central Georgia P. Co.,* 140 Ga. 511 (79 S. E. 148); *Louisville & N. R. Co.* v. *White Villa Club,* 155 Ky. 452 (159 S. W. 983).

Finding no error, the judgment is affirmed.

AFFIRMED.

MR. JUSTICE MOORE, MR. JUSTICE RAMSEY and MR. JUSTICE BEAN concur.