Argued at Pendleton October 26; affirmed December 8, 1931;
rehearing denied March 15, 1932.

## TAYLOR *v.* NELSON ET AL.
(5 P. (2d) 707, 8 P. (2d) 1089)

*Harold Banta,* of Baker (Hallock, Donald & Banta, of Baker, George Donart, of Weiser, Idaho, and C. M. Crandall, of Vale, on the brief), for appellant.

*E. Otis Smith,* of Ontario (Smith & Smith, of Ontario, on the brief), for respondent.

■ BROWN, J. While a number of exceptions were saved during the trial, but two assignments are here for our disposition. By assignment number one, defendant asserts that the court erred in denying his motion to disqualify the trial judge. This assignment is based upon section 1-405, Oregon Code 1930, which reads:

"No judge * * * shall sit to hear or try any suit, action or proceeding when it shall be established, as hereinafter provided, that such judge is prejudiced against any party or attorney, or the interest of any party or attorney appearing in such cause. In such case the presiding judge shall forthwith transfer the suit or action * * *, or call in a judge from some other court * * *."

Under section 1-406 of our Code, prejudice may be established as follows:

"Any party to or any attorney appearing in any action, suit or proceeding in a circuit court may establish such prejudice by motion supported by affidavit that the judge before whom the action or suit is pending is prejudiced against such party or attorney, so that such party or attorney can not, or believes that he can not, have a fair and impartial trial before such

judge. And that it is made in good faith and not for the purpose of delay, and shall be filed with such motion at any time prior thereto or within one day after such action, suit or proceeding is at issue upon a question of fact, or such further time as the court may allow, and not otherwise. * * *''

Issues arising upon the pleadings are of two kinds: of law and of fact: Oregon Code 1930, § 2-101. An issue of law arises ''upon a demurrer to the complaint, answer, or reply, or to some part thereof'': Oregon Code 1930, § 2-102. An issue of fact arises—

''1. Upon a material allegation in the complaint, controverted by the answer; or,

''2. Upon new matter in the answer, controverted by the reply; or,

''3. Upon new matter in the reply, except an issue of law is joined thereon'': Oregon Code 1930, § 2-103.

Section 2-104 provides:

''Issues both of law and of fact may arise upon different parts of the pleadings in the same action. In such cases the issues of law shall be first tried, unless the court otherwise direct.''

We learn from the record that the complaint in this case was filed on September 5, 1929. Defendant challenged the sufficiency of the complaint by demurrer, and thereby an issue of law arose that was determined against the defendant on January 17, 1930. Defendant filed his answer on January 25, 1930, in which he controverted the material allegations of plaintiff's complaint. A reply was filed on August 20, 1930, and the defendant's motion for change of judge and affidavits in support thereof were filed on August 26 following. Thus it is apparent that the plaintiff's allegations of fact had been at issue more than one day when the defendant filed his motion to disqualify the trial judge. It follows that this motion came too late,

and was properly denied. In *Strowbridge v. City of Chiloquin*, 130 Or. 444 (277 P. 722, 280 P. 657), this court held that, where plaintiff's motion to disqualify the judge was not presented until after a motion and demurrer had been presented and argued, and the case was put at issue on facts more than one day prior thereto, the plaintiffs were not entitled to disqualify the judge under General Laws of Oregon, 1925, chapter 143.

■ The defendant says the court erred in denying his motion for postponement. On August 26, 1930, the case was set for trial. Later in the same day the defendant filed a motion for postponement, supported by affidavit, which motion was denied.

A motion to postpone a trial is sufficient only when it complies with the provisions of section 2-107, Oregon Code 1930. That section provides:

"A motion to postpone a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, and what diligence has been used to procure it, and also the name and residence of the witness or witnesses. * * *"

The opinion in *North American Securities Co. v. Cole*, 61 Or. 1 (118 P. 1032), delivered by this court through Mr. Justice McBride, is peculiarly applicable to the facts shown by the record in the instant case. In that case it was held:

"The affidavits are vulnerable to the same objection suggested in the case of *Cole v. Willow River Etc., Company*, 60 Or. 594 (117 P. 659, 118 P. 1030), just decided. They give no reasons why counsel expect to prove by the witnesses named the facts that they assume they will testify to. If they have stated to the affiant or to any person that these facts existed, or have communicated the substance of the alleged testi-

mony to affiant by letter or telegram, or in any way, the court should have been informed of the source of affiant's information and the grounds of his belief that the absent witnesses would, if present, testify as he says he believes they will.''

The motion seeking postponement of the case in order to take the depositions of the co-defendants was properly denied. There was no abuse of the discretion vested in the court in the matter of the ruling. If the defendant intended to depend upon the testimony of his co-defendants, he had an abundance of time within which to take their depositions after the service of the summons upon him. See Oregon Code 1930, § 9-1502.

This case should be affirmed. It is so ordered.

ROSSMAN and CAMPBELL, JJ., not sitting.

---

Petition for rehearing denied March 15, 1932

ON PETITION FOR REHEARING

(8 P. (2d) 1089)

BROWN, J. The appellant has filed a petition for a rehearing, in which he asserts that we erred in our former opinion in holding that the cause was at issue long before the defendant filed his motion and proofs relating to the disqualification of the judge, and likewise in denying his petition for postponement of the trial. For a statement of the facts see our original opinion.

■ In our original opinion we called attention to section 2-103, Oregon Code 1930, wherein it is stated that—

''An issue of fact arises—

''1. Upon a material allegation in the complaint, controverted by the answer.''

Notwithstanding this provision of the statute, the appellant earnestly insists that this proceeding is ruled by the case of *Mulkey v. Day,* 49 Or. 312 (89 P. 957), and asserts that by our holding herein we have set aside the doctrine taught in that case. In this he is in error. In the decision of the Mulkey case, it was held:

"Actions at law in Oregon cannot be 'dismissed' by either party or disposed of in any way except by a judgment or an order of nonsuit." Point 1, Syl.

As to trial when issues are accomplished, it was likewise held:

"Before a case can be said to be ready for trial under section 113, B. & C. Comp., which defines a trial, the case must be at issue on either law or facts as to all parties, and no trial can be demanded when some parties have answered and others have moved or demurred." Point 2, Syl.

The third point denies authority of a justice of the peace to grant a nonsuit for want of a pleading "within less time than is allowed by law to file such plea."

To the holding in that case we subscribe. The question there to be determined related to the issues arising upon the pleadings with reference to the *trial* of the cause in controversy. On the other hand, the sole point to be determined in the case at bar related to the prejudice of the judge.

From 33 C. J., 817, we learn that the term "issue" has various meanings, depending on the subject matter of the writing or discourse, or upon the context, or both, and further, that its context should always be considered in interpreting a given case. At page 819 the same author says:

"The meaning of the word may be restricted. Its true interpretation must be found from the connection

in which it is used ` * * * `; and, whatever is the prima
facie meaning of the word, it will yield to the intention
of the person using it.''

Among other things, the plaintiff herein alleged
that the appealing defendant with his co-defendants
lured the plaintiff to a room in a hotel, whereupon each
of the defendants "did, in a rude, insolent, and angry
manner, upbraid and insult the plaintiff, and did will-
fully, wantonly, recklessly and unlawfully then and
there assault, beat, bruise, and wound plaintiff by
striking him with clenched fists and by seizing, twist-
ing and manhandling him, and did with force and vio-
lence attack plaintiff as aforesaid, bruising him about
the head and face and causing him to undergo and suf-
fer great pain and anguish, both physical and mental.''
The defendant denied these allegations and affirma-
tively pleaded self-defense. A reply was filed August
20, 1930, putting the case at issue.

We are satisfied as to the correctness of our hold-
ing that the proof to disqualify the judge was not filed
within the time prescribed by statute.

Now, as to the defendant's contention that the court
abused its discretion by denying a postponement of
the trial:

In the case of *State v. Mizis*, 48 Or. 165 (85 P. 611.
86 P. 361), this court said:

"The postponement of a trial, like that of a change
of venue, rests in the discretion of the trial court, and
its ruling will only be reviewed for abuse: *State v.
O'Neil*, 13 Or. 183 (9 P. 284); *State v. Hawkins*, 18 Or.
476 (23 P. 475); *State v. Howe*, 27 Or. 138 (44 P. 672);
*State v. Fiester*, 32 Or. 254 (50 P. 561).''

See, also, *State v. Luper,* 49 Or. 605 (91 P. 444), *Harrison v. Pacific Ry. & Nav. Co.,* 72 Or. 553 (144 P. 91), and *Portland & O. C. Ry. Co. v. Sanders,* 86 Or. 62 (167 P. 564).

Finally, we direct attention to 9 Cyc., pp. 161, 162, where this authority, in dealing with the subject of Continuances in Civil Cases, declares:

"In all cases the ruling of the lower court will be presumed to have been in accordance with the merits and justice of the case, unless the party complaining shows unequivocally that the court has been guilty of an abuse of discretionary powers, and that his rights have been injuriously affected by such abuse."

In this the defendant has failed.

For the reasons stated above, the petition for rehearing will be denied.