Argued October 10, 1930; reversed February 3; rehearing denied
April 14, 1931

# BAKER *v.* JENSEN ET AL.

(295 P. 467)

*Custer E. Ross* and *Guy O. Smith*, both of Salem (L.
Leonard Krause, of Toledo, on the brief), for appellant.
*Arthur Clarke*, of Corvallis, for respondents.

676

██ RAND, J. The power of a court to grant or refuse a continuance is a discretionary power which is to be exercised in a sound and legal manner and not arbitrarily or capriciously. It is not an unrestricted power, however, nor is it a decision upon matters within the absolute discretion of a court and, hence, not reviewable in courts of appeal. As was said by Mr. Justice STRAHAN in *Mitchell v. Campbell*, 14 Or. 454 (13 P. 190):

"In ordinary cases the court will not interfere with the discretion of the trial court in matters of practice before it. The law has wisely vested those courts with very large discretionary powers in such matters; but it is a judicial discretion, not to be capriciously or oppressively exercised."

■ Whether the action of a trial court in denying a motion for continuance is an exercise of sound judicial discretion must be determined from the particular facts of a given case and, if under the pretense of exercising discretion the court has acted oppressively or arbitrarily, its action is an abuse of discretion which is reviewable upon appeal. As said by this court in *Linn County v. Morris,* 40 Or. 415 (67 P. 295):

"* * * The judicial discretion that is not subject to review on appeal is such an exercise of authority in the mode of proceeding for the enforcement of rights or the redress of wrongs as is reasonably designed, according to fixed legal principles, to promote substantial justice."

In support of that principle, the court cited numerous Oregon cases. To the same effect see *Ex Parte Jerman,* 57 Or. 387 (112 P. 416, Ann. Cas. 1913A, 149); *State v. Lewis,* 113 Or. 359 (230 P. 543, 232 P. 1013); *Clevenger v. Smith,* 126 Or. 384 (270 P. 501).

■■ Under the circumstances disclosed by the affidavits filed in the instant case, we think it was error for the court to deny plaintiff's application for a continuance to some later date. The fact that defendants had subpoenaed certain witnesses and had incurred thereby some expenses was not sufficient in itself alone to justify the court in refusing a continuance. The court could have provided for the reimbursement of such expense to defendants by imposing terms upon the plaintiff and this, we think, it should have done. Plaintiff's principal attorney was actually engaged in the trial of another cause in another court in a different county and could not be present at the time set. A postponement of the trial to the middle of the following week would have obviated this difficulty. Plaintiff, however, was represented by other counsel who

could have tried the case if the plaintiff had been present at the trial, or if he could have been reached in time to have him there. But he was away at a place where he could not be communicated with in time to be present at the trial. Plaintiff, of course, should have been present if the circumstances of the case had been such as ordinarily arise in the trial of causes. The case, however, was different from the ordinary. The term had been commenced on the seventh of September and there were at the time ten law actions which in the ordinary course of events would require jury trials. How long it would take to dispose of those cases was a matter of conjecture only and this case was not set for trial for September 20 and notice thereof given to Mr. Smith until the evening of September 18. Plaintiff resided at Salem but he was temporarily away from home, having been called to Vida, Lane county, Oregon, by reason of an exigency of which Mr. Smith had no knowledge until plaintiff's return therefrom. His reason for going there was not stated in the affidavit of Mr. Smith and was unknown to the trial court at the time the continuance was refused. The affidavit, however, stated that plaintiff would be present at the trial if the case was continued to the middle of the following week. If the business of the court was such that the case could not have been heard during the following week, or at some later date before the beginning of the next term, then the case should, under the circumstances disclosed by the affidavit, have been continued until the following term of court.

It appears from the decree that defendants had judgment for their costs and disbursements taxed at $171.80, which sum should be paid by plaintiff to defendants because of plaintiff's failure to be present

at the trial. For the reasons stated, the decree appealed from must be reversed but it will be reversed only on condition that on or before the first day of the next regular term of the circuit court for Lincoln county plaintiff pay to the clerk of said court for defendants the said sum of $171.80. If not so paid on or before said date, the decree of the lower court will be affirmed, and it is so ordered.

BELT and KELLY, JJ., concur.