Submitted on briefs January 18, affirmed February 15, 1956

# BENSON ET UX *v.* MADDEN ET UX
### 293 P. 2d 733

428

*Wm. C. Ralston,* of Portland, for appellants.

*Phelps, Burdick & Walker* and *Clifford E. Nelson; Arthur H. Lewis; Easley, Whipple & McCormack* and *Carl Robert Wells; Maguire, Shields, Morrison & Bailey* and *Randall B. Kester, Boyd & Erwin,* all of Portland, for respondents.

WARNER, C. J.

This is a suit to foreclose various liens on real property owned and occupied by the defendant, D. D.

Madden, and his wife, Rhoda, as their homeplace in Portland, Oregon.

The plaintiffs Benson, and the defendants Giselman, Donistrope, and the Stoners, seek to foreclose their respective liens for labor and materials. The defendant, Brice Mortgage Co., as mortgagee, asks to have its mortgage foreclosed.

The suit became at issue in the summer of 1952, and then placed on the active list of the circuit court for Multnomah County for trial in its regular order. On or about July 27, 1953, all parties in the case were notified that the trial date was September 30, 1953. Four days before, the appellants filed a motion seeking a thirty-day continuance, alleging as the reason that Mr. Madden's health would prevent his appearance. The motion was denied on the 29th, and the reason, as recited in the order of denial, was because counsel for the appellants, at the time of the hearing on the motion, had advised the court that Mr. Madden "had no defense to the case on the merits." At the trial had on the 3rd of October following, the appellant Madden appeared by the same counsel, who then not only made no objection to proceeding with the trial, but made no effort to renew the motion for continuance. Instead, counsel for the appellants joined in a stipulation of all the facts needed to support the decree.

The concurrence of the appellants Madden to the stipulation was as follows:

"Representing the defendants D. D. Madden and Rhoda R. Madden, we agree to the stipulation, except that portion of which recites that the Brice Mortgage Company is the holder of a good, valid and subsisting mortgage and note, that being a conclusion."

The objection of counsel, made through the avenue of his acceptance of the stipulation that the legal status of the note and mortgage was a conclusion, was later cured by putting in evidence the note and mortgage pleaded. No evidence was offered in dispute of any of the liens asserted.

The Madden's appeal rests upon only one assignment of error. They claim that the circuit court was wrong in failing to grant the defendant D. D. Madden's motion for a postponement of the trial.

■ No absolute and comprehensive rule can be laid down as to what matters will constitute good grounds for continuances. 17 CJS 199, Continuance, § 14. Among them is absence of a party, and one of the most frequent and familiar, the inability to seasonably produce witnesses expected to give testimony of materiality.

■ The basis for a continuance rests upon the right of a party to a cause to have a reasonable opportunity to try the cause upon its merits with a view to obtaining justice. 12 Am Jur 452, Continuances, § 7.

■ The matter of a postponement is, regardless of the grounds asserted, within the sound discretion of the trial court, in all cases the ruling of the lower court will be presumed to have been in accordance with the merits and justice of the case, unless the party complaining shows unequivocally that the court has been guilty of an abuse of discretionary powers. *Taylor v. Nelson,* 139 Or 155, 161, 5 P2d, 707, 8 P2d 1089, 5 CJS 313, Appeal and Error, § 1545.

The motion here reads:

"Comes now the defendant, D. D. Madden, by his attorney Wm. C. Ralston, and moves for an order of the court continuing the within cause for thirty days on the ground and for the reason that

subsequent to the setting of the trial date herein the said defendant has been confined in the hospital and will not be in a condition to attend trial on the date now set, namely, September 30, 1953. This motion is supported by the affidavit of S. H. Wise, M.D.''

The affidavit of Dr. Wise recites that the defendant Madden had been operated upon ''for a serious condition'' and thereafter confined to a hospital for approximately two weeks; that he had ''not a satisfactory recovery'' and that in the opinion of the doctor ''it would be undesirable for Mr. Madden to take part in any court proceeding at this time.''

It is difficult to conclude from the state of the record the precise ground upon which the appellant rests his claim for continuance, i.e., whether on the theory that his presence as a party was necessary to the proper conduct of his defense, or upon the ground that he expected to contribute material testimony as a witness, or upon both.

■ If the giving of material testimony was in contemplation, then appellant should have brought himself clearly within the purview of ORS 17.050, which, among other things, mandates that the motion be supported by an affidavit ''*   *   * showing the materiality of the evidence expected to be obtained, * * *.'' ''When a party intends to testify in a case, and a continuance is asked for on the ground that his evidence is necessary, the same rule applies to him as to any other witness.'' *Wright v. Burhart,* 35 Ariz. 246, 276 P 837, 839. No hint is made here that Mr. Madden expected to testify. This is further emphasized by counsel's statement before referred to, that Mr. Madden had no defense to the case on the merits.

■■ Concerning the necessity of the presence of a party at the trial, 17 CJS 211, Continuance, § 27, says:

"The presence of a party to an action to aid and assist his counsel in the trial of the cause is not ordinarily considered essential; and the absence of a party, not as a witness, but simply as an aid to counsel, is rarely regarded as a ground for continuance. To authorize or to justify a continuance on the ground of the absence of a party, it must be made to appear that he is a competent and material witness, or that his presence is indispensable to a fair trial of the merits of the cause, and that injustice may result to applicant in the event of a refusal of the delay and his consequent inability to be present at the trial of the case."

■ "The illness of a party is not ipso facto a cause for continuance of the cause; * * *." 17 CJS 213, Continuance, § 29. Generally, illness is considered a good ground for a continuance when it appears that the party's presence is indispensably necessary. 12 Am Jur 457, Continuances, § 15, but here the necessity of Mr. Madden's presence was rendered nugatory by counsel's representation that there would be no defense to the merits.

■ It is not an abuse of judicial discretion to refuse a continuance when the party making the application admits that he has no defense. *Harrison v. Pacific Ry. & Nav. Co.* 72 Or 553, 556, 114 P 91, 12 Am Jur 480, Continuances, § 46, 17 CJS 272 et seq, § 107.

■ We note with surprise that if the matter of continuance was vital to the appellant Madden, he did not renew his application for a postponement on the trial day; but he then and there appeared by counsel and entered into a stipulation with all other parties which, in effect, hastened the trial to early conclusion without the necessity of his presence. Under the cir-

cumstances, the appellant waived any right that he may have deemed he had to the continuance which the court denied six days before. *Wood et al. v. Fulton Property Co. et al.* (1936), 92 S.W. (2d) 549, 555 (Tex. Civ. App.).

Affirmed.