Submitted in briefs September 8, affirmed October 23, 1975

RICKENBACH, *Respondent, v.*
FLAVEL, *Appellant.*

541 P2d 455

Nicholas D. Zafiratos and Stephen L. Roman, Astoria, for appellant.

Dan Van Thiel, D. Richard Fischer, and Anderson, Fulton, Lavis & Van Thiel, Astoria, for respondent.

BRYSON, J.

This is an appeal from the trial court's denial of defendant's motion for postponement. Plaintiff, a builder, commenced this action on December 19, 1972, to recover the reasonable value of his labor and materials in the sum of $1,079.95.

On August 1, 1974, judgment by default was entered against defendant. On August 5, 1974, the trial court granted defendant's motion to vacate the default judgment entered against her and allowed defendant to file her Amended Answer and Counterclaim. Thereafter, a postponement of trial was granted because defendant was ill with the flu. The case was re-set to be tried on November 6, 1974.

On November 5, 1974, the day before trial, defendant filed her motion for another continuance "on the grounds that the Defendant is too ill to appear in Court tomorrow."[1]

Defendant's motion was heard the morning of the day set for trial. At that time defendant's counsel represented to the trial court that defendant was present in Astoria, Oregon, that morning, but that she had later left Astoria to visit the University of Oregon Medical School in Portland, apparently without counsel's knowledge. Thereupon, defendant's counsel orally moved for a postponement on the additional ground

[1] ORS 17.050 provides:

"A motion to postpone a trial on the ground of the absence of evidence shall only be made upon affidavit showing the materiality of the evidence expected to be obtained, what diligence has been used to procure it, and the name and residence of the witness or witnesses. The court may also require the moving party to state upon affidavit the evidence which he expects to obtain, and if the adverse party thereupon admit that such evidence would be given, and that it be considered as actually given on the trial, or offered and overruled as improper, the trial shall not be postponed. * * *"

that defendant was then unavailable as a material witness. Defendant also informed the trial court that defendant would testify that she had not requested plaintiff's labor or services.

■ A motion for postponement is addressed to the sound discretion of the trial court and review is granted only for the clear abuse thereof. *Sims v. Sowle,* 238 Or 329, 331-32, 395 P2d 133 (1964); *State v. Otten,* 234 Or 219, 222-23, 380 P2d 812 (1963); *Benson et ux v. Madden et ux,* 206 Or 427, 430, 293 P2d 733 (1956). Whether a trial court exercised sound judicial discretion is determined from the particular facts of each case. *Baker v. Jensen et al,* 135 Or 669, 677, 295 P 467 (1931).

In *Benson et ux v. Madden et ux, supra,* the defendant moved for a continuance of the trial. We stated:

" 'The illness of a party is not ipso facto a cause for continuance of the cause * * *.' " 206 Or at 432.

"The matter of a postponement is, regardless of the grounds asserted, within the sound discretion of the trial court, in all cases the ruling of the lower court will be presumed to have been in accordance with the merits and justice of the case, unless the party complaining shows unequivocally that the court has been guilty of an abuse of discretionary powers. * * *" 206 Or at 430.

In *Sims v. Sowle, supra,* we held that a motion for continuance is addressed to the sound discretion of the trial court and its action thereon will not be reviewed except for clear abuse of discretion.

■ We conclude the court did not abuse its discretion in denying defendant's motion. The case had been filed some two years prior to the trial date. The defendant knew that the case was set for trial on No-

vember 6, 1974, and she was in her attorney's office the afternoon of the day before trial. Counsel for defendant told the court that people "may think that these people are malingerers to some extent and there is some merit to the feeling because these people obviously don't want to go to court." The record also reveals that defendant had known of her heart condition for some time prior to trial and that this condition did not interfere with her defense until the eleventh hour. Furthermore, there is nothing to indicate that defendant's visit to the University of Oregon Medical School in Portland on the morning of trial was prompted by an emergency other than the trial itself.

No affidavit was filed by the defendant or the doctor to show that defendant was unable to attend a relatively short trial on simple issues. The trial court painstakingly considered the motion and on the day of trial continued the matter from 9:30 a.m. until 2 p.m. before denying the motion and hearing the case on its merits. The defendant was represented by counsel and offered evidence. The court observed that defendant "left, apparently, with no other warning to you or the Court. She's gone to Portland. She was well enough to travel apparently, and if there are any disadvantages to this defendant by reason of her absence here as a witness on her own behalf, it is a circumstance of her own creation * * *." The record reflects a pattern of dilatory conduct on the part of defendant.

Affirmed.