Argued November 21, affirmed March 5, reconsideration
denied May 1, petition for review denied May 22, 1979

## TIMBERLEE APARTMENTS, *Respondent,*

*v.*

## ABLE, *Appellant.*
## (No. 176804, CA 10468)

591 P2d 399

Earl H. Mickelsen, Portland, argued the cause and filed the brief for appellant.

Carlton W. Hodges, Portland, argued the cause for respondent. With him on the brief was Bernard, Hurley, Hodges & Kneeland, Portland.

Before Schwab, Chief Judge, and Lee, Richardson, and Joseph, Judges.

RICHARDSON, J.

**RICHARDSON, J.**

In this Forcible Entry and Detainer action (FED) the tenant appeals a judgment restoring the premises to the landlord, for back rent, attorney fees and an involuntary nonsuit of tenant's counterclaim. The tenant agrees that since he has moved, the issue of restitution of the premises is moot. Tenant contends the court erred in denying his motion for continuance to file an amended answer seeking damages; in refusing to allow him to testify regarding the condition of the premises; in granting a non-suit on the counterclaim; and in awarding attorney fees.

The tenant occupied the apartment in issue under an oral month-to-month lease for a specified rent. The landlord gave the tenant two written notices of a proposed rent increase. The latter rent increase was to take effect on October 1, 1977. On September 24, 1977, subsequent to the last notice of rent increase, tenant complained to the landlord, in writing, of certain conditions in the apartment alleged to be in violation of the habitability requirements of ORS 91.770. Tenant continued to occupy the apartment and pay rent.

In January, 1978, landlord gave tenant a notice that the rental agreement would be terminated on February 16, 1978. Tenant was served with a FED summons and complaint on February 17, 1978, requiring him to appear on February 27, 1978. After service of the complaint, tenant mailed the February and March rent to the landlord who returned the payments to the tenant. When tenant again sent the payments, the landlord tendered them to the court for a determination in the FED action as to who was entitled to them.

The tenant appeared with counsel on February 27, 1978, and the case was continued to March 7, 1978, for trial at the request of tenant. Prior to the new trial date landlord notified tenant of his intent to file an amended complaint seeking rent due from February 1,

1978, to February 16, 1978, plus a daily rent as long as tenant remained on the premises.

On the day prior to trial tenant served a demurrer, answer and counterclaim based on retaliation, on landlord. On the day of trial landlord moved to amend his complaint, which was allowed. Tenant did not object to the filing of the amended complaint, but moved for a continuance to file an amended answer. The motion was denied.

Defendant contends the court erred in denying the continuance. The pleading filed by the tenant contained, in one document, a demurrer, an answer and a counterclaim. The demurrer and the attached memorandum were in response to the landlord's claim for rent. Although the pleading was filed prior to the amendment of the complaint it was obviously in response to the amended complaint based upon the landlord's notice that he intended to make a claim for rent.

The tenant, however, contends he had only a few hours notice of the landlord's intention and only had time to file a demurrer challenging the landlord's right to join a claim for rent in a FED complaint. Had he been allowed additional time, he argues, he would have "contemplated a contention against the conditions of the premises to which he had a right to object." He makes no claim that the rent was not due but was apparently contemplating an offsetting claim for damages for uninhabitable premises. Subject to proof, damages for violation of ORS 91.770 would be recoverable under ORS 91.800(2) since the tenant had given written notice to the landlord. *See L & M Investment Co. v. Morrison,* 34 Or App 231, 578 P2d 462, 35 Or App 821, 583 P2d 19 (1978),*rev allowed* (1979). A counterclaim for damages could have been filed whether or not the landlord pleaded a claim for rent. The tenant had counsel as early as February 27, 1978, and could have included a claim for damages for violation of ORS 91.770 in the pleadings he filed eight

days later. Whether a continuance should be granted is within the discretion of the trial court. *Benson v. Madden,* 206 Or 427, 293 P2d 733 (1956). In the context of the procedural posture of this case we conclude the court did not err in denying the motion for continuance.

■ In his second assignment, the tenant claims he should have been permitted to testify as to the contents of his letter of complaint to the landlord and of the landlord's replying letter. On direct examination, the tenant identified the two letters which had been marked as exhibits but not yet received in evidence. He was then asked what was the nature of the demands contained in his letter to the landlord. The court sustained an objection on the ground the letter spoke for itself. The letters were then offered and admitted in evidence. Since the question posed to the tenant asked for the substance of what the letter contained, and the letter was admitted in evidence, he has no cause to complain of the court's ruling.

■■ In his third assignnment, tenant claims the court erred in granting landlord's motion for involuntary non-suit on the counterclaim. If the landlord seeks restitution of the premises in retaliation for the tenant's complaint, the tenant has two remedies. He may plead retaliation as a defense to the eviction (ORS 91.865(2)) and he may claim damages (ORS 91.815). Since tenant has quit the premises the issue of restitution is now moot and the defense of retaliation to eviction is also moot. This leaves only the remedy of damages under ORS 91.815. In his counterclaim, tenant alleged that the landlord's retaliatory action resulted in damage for mental suffering, and costs and fees incurred in defending the action.[1] However, in the prayer he asked only for dismissal of the complaint and for fees and costs. He did not pray for damages.

---

[1] Damages for mental suffering are not recoverable under the Oregon Landlord and Tenant Act. *Ficker v. Diefenbach,* 34 Or App 241, 578 P2d 467, 35 Or App 829, 578 P2d 467 (1978), *rev den* (1979).

There is therefore no relief that could be granted if the case were reversed and retried.

■ The final assignment of error contests the amount of attorney fees awarded by the court. The parties agreed the court could set a reasonable attorney fee on the basis of an affidavit submitted by counsel for the prevailing party. Landlord's counsel submitted an affidavit setting forth the time spent in prosecuting the case and claimed $60 per hour as a reasonable fee. The tenant filed objections, alleging the $60 per hour charge was unreasonable and a portion of counsel's time had been spent collecting rent. He contends, in light of the objections made to the affidavit, the court should have held a hearing on the reasonableness of the attorney fees. Having agreed that the court could set attorney fees, based on an affidavit of prevailing counsel, the tenant is in no position to complain because the court followed the agreed upon procedure.

Affirmed.