Argued and submitted June 5, affirmed August 18, 1980

# RODGERS,
*Respondent,*

*v.*

# NATIONWIDE INSURANCE CO.,
*Appellant.*

## (No. A7808-12523, CA 15849)

615 P2d 1090

Elizabeth K. Reeve, Portland, argued the cause for appellant. With her on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Ancer L. Haggerty, Portland.

Robert K. Udziela, Portland, argued the cause for respondent. With him on the brief were Pozzi, Wilson, Atchison, Kahn & O'Leary and M. Elliott Lynn, Portland.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant Nationwide Insurance Company appeals a judgment awarding plaintiff disability benefits pursuant to a group insurance policy. Defendant's assignments of error are:

(1) That the trial court erred by submitting the case to the jury;

(2) That the court erred by instructing the jury that a person need not be "absolutely helpless or bedridden in order to recover benefits" for total disability under the policy;

(3) That the court erred by instructing the jury that the policy "must be construed according to its character and its beneficent purposes and in the sense in which the Plaintiff * * * had reason to suppose it would be understood;" and

(4) That the court erred by denying defendant's motion for a continuance.

Plaintiff worked as a truck driver for Pacific Supply Co-Op, which maintained a group disability policy for its employees with defendant. In September, 1975, plaintiff underwent coronary bypass surgery. Around February or March, 1977, plaintiff's doctors discovered that the bypass was failing. Defendant paid total disability benefits to plaintiff for two years pursuant to the policy's definition of total disability applicable during that time period:

"'Total Disability' means during the first 24 months of any period of an Employee's disability, complete inability to perform any and every duty of his regular occupation or employment * * *."

The policy provided for continuing payment of benefits after two years if an individual met the following test of total disability:

"'Total Disability' * * * thereafter [after the first 24 months] means complete inability to engage in any and every gainful occupation or employment for

[845]

which he is reasonably qualified by reason of education, training or experience."

Plaintiff brought this action for further payment of benefits when defendant terminated benefits after the first two years.

Trial was held on August 3, 1979, and ended in a mistrial. A second trial, held August 14, 1979, resulted in a verdict for plaintiff.

■ We do not consider defendant's first assignment regarding the sufficiency of the evidence to submit the case to the jury because no motion for directed verdict was made in the trial court. *Marks v. First Nat. Bank,* 84 Or 601, 165 P 673 (1917).

■ Defendant's second assignment challenges the propriety of the following jury instruction:

"Now, this language of the policy does not mean that a claimant, a disabled employee, must be absolutely helpless or bedridden in order to recover benefits.* * *"

The relevant policy provision defines total disability as a "complete inability to engage in any * * * occupation or employment for which * * * [the insured] is reasonably qualified by reason of education, training or experience." The Supreme Court has repeatedly concluded that the total disability contemplated by accident policies does not mean that the insured must be in a state of total helplessness. *See McHorse v. Portland General Electric,* 268 Or 323, 327, 521 P2d 315 (1974); *LaBarge v. United Ins. Co.,* 209 Or 282, 289-292, 303 P2d 498, 306 P2d 380 (1956); *overruled on other grounds, Perry v. Hartford Acc. & Indemnity Co.,* 256 Or 73, 82, 471 P2d 785 (1970); *Fagerlie v. New York Life Ins. Co.,* 129 Or 485, 499, 278 P 104 (1929); *cf., Twilleager v. N.A. Accident Ins. Co.,* 239 Or 256, 397 P2d 193 (1964). Even assuming, as defendant contends, that it was unnecessary to give the instruction, it correctly states the law and was not prejudicial. There was no error.

Defendant's third assignment also challenges a jury instruction:

"The insurance policy must be construed according to its character and its beneficent purposes and in the sense in which the Plaintiff, Mr. Rodgers, had reason to suppose it would be understood.* * *"

Defendant excepted to the instruction as follows:

"I also would except to the Court giving Plaintiff's No. 3, and that's the authority of *Borglund v. World Insurance Co.,* [211 Or 175, 315 P2d 158 (1957)]. It was my position, Your Honor, that in *Borglund* the Court discussed the beneficent purposes of an insurance policy, but I don't think *Borglund* applies to our facts, nor do I feel that the Supreme Court held this particular language as a finding in that case."

It is difficult to determine from defendant's exception the substance of its objection to the instruction. In its brief, defendant argues that the instruction is proper only if the operative words of the policy are ambiguous. Defendant contends that the language of the disability clause is unambiguous and the instruction was unnecessary.

Just prior to giving the challenged instruction, the court told the jury, without objection from defendant, that:

"The terms of a contract are to be construed and interpreted according to the intention of the parties. In this case, we have an insurance contract. If you find any ambiguity or unclear interpretation in the language of this policy, any such ambiguity or unclear interpretation should be construed against the insurance company Defendant."

■ ■  The critical question is whether the operative language of the policy is ambiguous. The parties' summations to the jury offered different interpretations of the policy provisions. In *Chalmers v. Oregon Auto Ins. Co.,* 262 Or 504, 500 P2d 258 (1972), the court reviewed a judgment for defendant in an action to

recover for theft loss by plaintiff. The provision of the policy in question provided:

> " 'This policy excludes any loss by theft * * * to any other residential premises, or property therein * * * *except when in actual use as his or their temporary residence.* * *"* 262 Or at 507. (Emphasis in original.)

The court held the terms "temporary residence" and in "actual use" were ambiguous because they could be given a more or less narrow or broad meaning. The court stated that while the primary rule of construction of contracts is to ascertain the intent of the parties, when a policy of insurance is ambiguous, it should be construed in the sense in which the insured had reason to suppose it was understood. The court cited *Borglund v. World Ins. Co., supra,* as authority for that proposition. The language of the policy here at issue, "gainful occupation or employment" and "reasonably qualified," could be interpreted more or less broadly, depending upon the intent of the parties. The arguments of the parties to the jury confirm this analysis. We conclude that the provisions of the policy were sufficiently ambiguous to justify informing the jury of the rules for determining their meaning. The instruction given by the court accurately stated the law.

■     We do not, however, wish this opinion to be read as approving all portions of the challenged instruction. The instruction was taken from language found in the Supreme Court's opinion in *Borglund.* The Supreme Court derived the language from *National Life & Accident Ins. Co. v. Davies,* 34 Ala App 290, 39 So2d 679, *cert den* 252 Ala 107, 39 So2d 703 (1949). Oregon Supreme Court cases subsequent to *Borglund* affirm the rule that ambiguous provisions of an insurance policy are to be construed in the sense in which the insured had reason to suppose they were understood. *Chalmers v. Oregon Auto Ins. Co., supra; Growers Refrig. Co. v. Amer. Mtr. Ins.,* 260 Or 207, 488 P2d 1358 (1971); *Jarrard v. Continental Casualty,* 250 Or 119, 440 P2d 858 (1968). Those cases cite *Borglund*

*v. World Ins. Co., supra,* as authority for the proposition. Significantly the cases since *Borglund* do not quote the portion of the Alabama court's statement to the effect that insurance policies be construed according to their beneficent purposes when stating the rule. A contract of insurance is a commercial arrangement entered into by the insurer for profit and the insured for protection from loss for specific risks. Such contracts are not properly characterized as beneficent.

■     Defendant did not except specifically to the use of the phrase "beneficent purposes" but on appeal suggests that that phrase misled the jury into finding in favor of plaintiff in order to fulfill his expectations. We conclude that the instruction including the phrase "beneficent purposes," when read in light of the other instructions given by the court, was unlikely to mislead the jury and affect the outcome of the case. *Waterway Terminals v. P.S. Lord,* 256 Or 361, 474 P2d 309 (1970). Giving of the instruction was not reversible error.

■     Defendant's final argument is that it was prejudiced by the court's refusal to grant a continuance. After a mistrial was ordered for failure of the jury to reach a verdict, the case was rescheduled for trial approximately ten days later. Defendant contends that it accepted this early trial date only on the condition that it be allowed to obtain a physical reexamination of plaintiff and obtain a written transcript of plaintiff's and his doctor's testimony. Defendant did not receive the transcript of plaintiff's doctor's testimony prior to retrial of the case. Plaintiff contends that the only condition regarding the early trial date was that he submit to a physical reexamination prior to the second trial.

There was apparently a misunderstanding between counsel at the time the second trial was scheduled. Moreover, a transcript of the doctor's testimony would have been valuable only for impeachment purposes, and defendant has not demonstrated that it

was prejudiced by the failure to receive the transcript. We therefore cannot say that the trial court abused its discretion by refusing to grant a continuance. *Benson et ux v. Madden et ux,* 206 Or 427, 430-31, 293 P2d 733 (1956); *Baker v. Jensen et al.,* 135 Or 669, 295 P2d 467 (1931).

Affirmed.