Submitted on record and appellant's brief October 21, 1992, reversed and remanded
December 8, 1993

In the Matter of the Marriage of

Debra S. MEYER,
nka Debra S. Fortune,
*Respondent,*

*and*

Thomas Edward MEYER,
*Appellant.*

(893054; CA A72946)

865 P2d 381

Steven R. Swenson filed the brief for appellant.

Stephen A. Lovejoy waived appearance for respondent.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

**RICHARDSON, C. J.**

Father appeals a judgment of contempt for wilful failure to pay child support. ORCP 78B. He argues that the trial court erred when it denied his request for a continuance to apply for court-appointed counsel. We reverse and remand.

Mother initiated contempt proceedings in January, 1991, and the trial court ordered father to appear for a show cause hearing in February, 1991. The hearing was continued. Before the next scheduled hearing, the attorney who father had retained moved to withdraw because of lack of payment and the court allowed the motion. After several more continuances, the parties next appeared on September 6. The court appointed counsel for father and set the next hearing for September 30. On that date, the court granted a further continuance until November at the request and agreement of both parties.[1]

On October 4, father's appointed counsel received a letter from a deputy district attorney that suggested that father might not be eligible for court-appointed counsel. In response to the letter, the court directed father's counsel to provide father with an application and affidavit of indigency, which father had not previously filled out. By October 30, father had not responded to counsel's letter requesting that he complete the form, and counsel moved to withdraw. The court granted counsel's request on October 31. On November 25, the court issued an order for father to appear on December 18 for the show cause hearing. On December 10, the court received a letter from father that requested the court's assistance in obtaining appointed counsel. The court did not respond.

At the show cause hearing on December 18, father again requested appointment of counsel and, when told it was too late, he requested the opportunity to make a written application for appointed counsel. After the court stated that father's request for counsel was not timely, the following colloquy occurred:

---

[1] The parties wanted to research and brief the applicability of the new statutes on contempt, which became effective on September 29, 1991.

"[FATHER]: Your honor, I have a good reason for it. Would you —

"THE COURT: I'm all ears.

"[FATHER]: Okay. I needed treatment and that's where I was, I was getting treatment. I was ill. And someone from the center called here and — to let the folks know here. That's where I've been and that's what I was doing.

"I didn't receive any letter of October 1st or October 9th. I did receive one around the 30th, I think, that was dated the 30th. I've moved twice since September, and the court does have my address now.

"I was in contact with Mr. Fisher, the court administrator,[2] well over a month ago, and talking to him about this case, and finally he left it lie with me. He said he had been checking with the judge; and I don't know if that was you, Your Honor, or another judge.

"THE COURT: Not me.

"[FATHER]: Okay. But he said that the charges had been dropped a month ago.

"THE COURT: When did you go into treatment?

"[FATHER]: I think the 18th of October, some — somewhere around there.

"THE COURT: Well, the — [your attorney] would have sent a letter to you nine days before then.

"[FATHER]: I was having a problem receiving my mail. And I wasn't home.

"THE COURT: Um —

"[FATHER]: The first news I got was October 30th, and that's when I followed right up. I called [my attorney] and I called Mr. Fisher on the phone. And the best information I could get from either of them is that I would have to deal with the courts again.

"So I started working with Mr. Fisher, who I thought was my best contact here, being the court administrator, and he said the charges had been dropped and not refiled. He said, 'Don't worry about it. It's done for now. Until you hear more, don't worry about it.' So I thought, 'Okay.' And he said he'd been in contact with the judge on it.

---

2 Fisher was an indigency verification specialist, not the court administrator.

"I have no intention to play a game * * *. I didn't receive the information.

"THE COURT:   The court scheduled this for a hearing on November 25th. When did you get out of treatment?

"[FATHER]:   November 16th, I think, or 17th, somewhere around there.

"THE COURT:   You were out of treatment?

"[FATHER]:   Yes.

"THE COURT:   When did you get the court's notice about the order to appear for today's hearing?

"[FATHER]:   In the neighborhood of a week and a half, two weeks ago.

"THE COURT:   Where were you living?

"[FATHER]:   At that time I was living at my present address now. I've sent the court a record of that.

"THE COURT:   Which is?

"[FATHER]:   On Lombard; 9333 N. Lombard.

"THE COURT:   The Order to Appear was mailed to you on November 25, 15 days later.

"[FATHER]:   What address?

"THE COURT:   Wilbur.

"[FATHER]:   Two addresses ago; and I've let the court know the new addresses."

The court found that father had not applied for counsel in a timely manner and denied his request for a continuance to make the required written application. The court required father to proceed *pro se* and, after hearing testimony, held that he was in contempt for failing to pay child support.[3]

██   Father's claim of error is that the court abused its discretion by denying him a continuance in order to properly apply for appointed counsel. We review a denial of a motion for a continuance for abuse of discretion. *State v. Wolfer*, 241 Or 15, 17, 403 P2d 715 (1965). The propriety of a court's denial of a continuance depends, in some measure, on the

---

[3] The court ordered that father serve 180 days in jail and suspended that sentence on several conditions, including that father serve 15 days incarceration and 3 years probation.

particular circumstances of the case and the reasons presented to the court at the time of the denial. *State v. Hickey,* 79 Or App 200, 203, 717 P2d 1287 (1986).

■■ Father is entitled to court-appointed counsel if he is indigent and the proceeding could result in incarceration. *Former* ORCP 78D(3) *(repealed by* Or Laws 1991, ch 724, § 32); *former* ORS 33.095 *(repealed by* Or Laws 1991, ch 724, § 32).[4] The effect of the denial of a continuance to properly apply for appointed counsel was denial of counsel to father. The court may compel a party to proceed without court-appointed counsel if, after a reasonable opportunity, the party fails to make application. *State v. Lingren,* 79 Or App 324, 327, 719 P2d 61 (1986). Father, however, was not afforded a reasonable opportunity to apply for court-appointed counsel. As explained at the hearing, he never received the application forms sent by his court-appointed lawyer, because he had moved and was in a treatment center from mid-October to mid-November. He first became aware of a problem with his appointed counsel when he received the October 30 notice of counsel's motion to withdraw. After receiving the notice, father contacted his former counsel and an indigent verification specialist to resolve the problem. They told him that he would have to go through the courts to obtain court-appointed counsel. The indigent verification specialist told father that he should not worry about the case until he heard more. When father received notice of the hearing scheduled for December 18, he promptly requested

---

[4] *Former* ORCP 78D(3) provided:

"The party cited for contempt shall have right to counsel as provided in ORS 33.095."

*Former* ORS 33.095 provided:

"(1) A party cited to show cause why the party should not be held in contempt of court or arrested to answer or by any other means brought before a court to answer for any contempt alleged pursuant to ORS 33.010 or 33.040 or ORCP 78 B. shall be entitled to be represented by counsel.

"(2) If the alleged contemnor is not represented by counsel when coming before the court, the court shall inform the alleged contemnor of the right to counsel, and of the right to appointed counsel if the alleged contemnor is indigent and the proceedings may result in any incarceration. If the alleged contemnor is indigent and the proceedings may result in incarceration, the court, upon the alleged contemnor's request, shall appoint counsel to represent the alleged contemnor, subject to ORS 135.055, 151.430 to 151.480 and applicable contracts entered into by the State Court Administrator under ORS 151.460."

the court's assistance to obtain counsel. Although the court received father's letter eight days before the hearing, there was no response to his request. Under those circumstances, the trial court did not reasonably accommodate father's right to counsel and abused its discretion in denying a continuance and compelling father to proceed *pro se*.

Reversed and remanded. No costs to either party.