Argued and submitted January 16, affirmed February 26, 2020

Terry L. PORTER,
*Plaintiff-Appellant,*

*v.*

Kathy VEENHUISEN,
*Defendant-Respondent.*

Washington County Circuit Court
17CV09148; A169072

461 P3d 276

Shortly before the scheduled trial date for his personal injury claim, plaintiff moved to postpone trial to the following year for health reasons. Citing the age of the case, the trial court denied the motion to postpone and, because plaintiff reported not ready for trial, dismissed the case. The court dismissed without prejudice, however, given the reason that plaintiff was not ready. Plaintiff appeals, arguing that, under the circumstances, the trial court abused its discretion. *Held*: The trial court did not abuse its discretion. The dismissal was without prejudice, such that plaintiff could refile the same claim within 180 days, pursuant to ORS 12.220. The denial of the motion to postpone therefore imposed some burden on plaintiff but did not deprive him of his day in court. The trial court was permitted to weigh the burden to plaintiff of refiling against the court's docket management concerns.

Affirmed.

D. Charles Bailey, Jr., Judge.

Dean Heiling argued the cause and filed the briefs for appellant.

Julie A. Smith argued the cause for respondent. Also on the brief was Cosgrave Vergeer Kester LLP.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Aoyagi, Judge.

AOYAGI, J.

Affirmed.

## AOYAGI, J.

Plaintiff brought a personal injury action against defendant related to injuries sustained in a motor vehicle accident. Shortly before the scheduled trial date, plaintiff concluded that he would be unable to attend trial for health reasons, specifically because of a recent flare-up of post-traumatic stress disorder (PTSD) that prevented him from leaving his home or communicating effectively. Plaintiff's counsel moved to postpone trial until the next year, and defendant opposed the motion. Citing the age of the case, the trial court denied the motion to postpone. Consequently, because plaintiff was not ready for trial, the court dismissed the case. Given the reason that plaintiff was not ready, however, the court expressly declined to dismiss with prejudice and instead dismissed *without* prejudice, thus allowing for plaintiff to refile the same claim within 180 days under ORS 12.220. Plaintiff appeals the judgment of dismissal, arguing that, under the circumstances, the trial court abused its discretion when it denied postponement and, consequently, dismissed the case. For the reasons that follow, we affirm.

The relevant facts are minimal and mostly procedural. Plaintiff was involved in a motor vehicle accident in March 2015. In March 2017, he filed a claim against defendant, alleging that defendant was responsible for his injuries. After a venue change, the action was set for trial in late September 2018.

Nine days before the scheduled trial date, plaintiff filed a written motion to postpone and supporting declarations. He requested that the trial be postponed because he was experiencing severe symptoms related to a flare-up of his longstanding condition of PTSD, particularly "extreme anxiety and fear that is preventing him from leaving his home and from appearing in court and testifying before a jury." Plaintiff explained that his testimony was necessary to prove his claim. He requested a postponement of unspecified duration, stating that there was "no way to safely predict" when he would be back to his baseline—so as to permit him to attend trial or testify at a perpetuation deposition—but suggesting that it would be "reasonable" to reset trial

"to a date in 2019." Defendant opposed the motion on various grounds.

The trial court denied plaintiff's motion to postpone. On the morning set for trial, plaintiff's counsel appeared and renewed the motion, explaining that, for the reasons stated in the motion, plaintiff was not prepared to proceed. The court again denied the motion, citing the age of the case ("over a year and a half old"), which it indicated was already "old" for trial by the court's standards. Having denied postponement, the court dismissed the case. *See* ORCP 52 A (requiring the trial court to either try, postpone, or dismiss the case once it is "set and called for trial"). However, when defendant requested that the dismissal be with prejudice, the court refused, stating that dismissal with prejudice would be inappropriate given the reason that plaintiff was not ready for trial (that is, his health crisis). The court thereafter entered a general judgment of dismissal, which, under the terms of ORS 18.082(5), constituted a dismissal *without* prejudice.

Plaintiff appeals the judgment of dismissal. He argues that the trial court abused its discretion when it denied his motion to postpone, and consequently dismissed his case, when the only reason that plaintiff was not ready for trial was a severe health situation beyond his control. In particular, plaintiff contends that the trial court wrongly prioritized its own docket management concerns over plaintiff's "constitutional right to have his day in court" and effectively forced plaintiff to "forfeit" his claim against defendant due to his health condition.

We review the denial of a motion to postpone trial for abuse of discretion.[1] *Bailey v. State of Oregon*, 219 Or

---

[1] Because it is relevant to the standard of review, we note that plaintiff's single assignment of error does not clearly identify the ruling to which he assigns error. *See* ORAP 5.45(3) (requiring that each assignment of error clearly identify the ruling that is being challenged). At various times, plaintiff refers to three different rulings—the denial of his original motion to postpone, the denial of his renewed motion to postpone, and the dismissal ruling. However, given the substance of his arguments, we understand plaintiff to be challenging the trial court's final ruling on postponement—that is, its denial of the renewed motion to postpone on the morning of trial—which resulted almost immediately in the dismissal of the case. We proceed on that understanding.

App 286, 293, 182 P3d 318 (2008). "Mindful of the grinding, 'in the trenches' demands of managing trial dockets, we have historically been loath to second-guess trial courts' denials of motions for postponement or continuance." *State v. Kindler*, 277 Or App 242, 250, 370 P3d 909 (2016). Under the abuse-of-discretion standard, we will affirm the denial of a postponement so long as it "is within the range of legally correct choices and produces a permissible, legally correct outcome," taking a "broad and pragmatic" view of "the range of legally correct choices" in this context. *Id.* (internal quotation marks omitted). At the same time, "there are limits to discretion." *Id*.

In this case, we are unpersuaded that the trial court abused its discretion by denying postponement. If it were true—as plaintiff suggests in his opening brief—that denial of plaintiff's motion to postpone effectively deprived plaintiff of "his day in court" and forced him to "forfeit" his claim against defendant, due solely to his unavailability for trial because of a serious health condition, plaintiff's argument might be compelling.[2] But that is not an accurate characterization of the situation. Because the court dismissed plaintiff's claim *without* prejudice—expressly denying defendant's request to dismiss with prejudice—the inherent consequences of denying postponement were minimal. Under ORS 12.220(2), commonly referred to as a "saving statute," plaintiff would be free to refile the same claim within 180 days of the entry of the judgment of dismissal, notwithstanding the otherwise expired statute of limitations.[3] Plaintiff has never identified any reason that ORS 12.220 would not apply to his dismissed claim.

---

[2] On appeal, defendant makes several different arguments as to why the trial court did not abuse its discretion in this case. We need not reach some of those arguments and express no opinion on any issues not expressly addressed in the text of this opinion.

[3] As relevant here, ORS 12.220 provides that, if an action is first filed within the statute of limitations and then "involuntarily dismissed without prejudice on any ground not adjudicating the merits of the action," a new action based on the same claim or claims may be filed within 180 days of the trial court's entry of the judgment of dismissal of the original action, notwithstanding that the statute of limitations has run during the interim, so long as the defendant had actual notice of the filing of the original action not later than 60 days after it was filed. ORS 12.220(1) - (2). A new action for the same claim or claims "may be commenced only once" under the statute. ORS 12.220(3).

In light of the saving statute, the only definitive consequence of the trial court's denial of plaintiff's motion to postpone was that, if plaintiff wanted to continue to pursue his claim, he would need to refile the complaint within 180 days of entry of the judgment of dismissal. That inconvenience and expense is not trivial, but it is a far cry from being deprived of one's day in court. Indeed, the very purpose of the saving statute is to assure claimants their "day in court" in precisely these types of circumstances. *See Belinskey v. Clooten*, 237 Or App 106, 111, 239 P3d 251 (2010), *rev den*, 349 Or 601 (2011) (indicating that ORS 12.220 was enacted to get more cases "decided on their merits" and "assur[e] that people claiming to have been injured get their day in court" (internal quotation marks omitted)).[4]

Given the relatively minor burden that dismissal without prejudice imposed on plaintiff, and the 180-day time period to refile, the trial court did not abuse its discretion when it denied plaintiff's motion to postpone. The trial court was permitted to weigh the burden on plaintiff of having to refile his action against the court's docket management concerns, especially when the case was already relatively old, the scheduled trial was imminent, plaintiff was requesting a postponement of at least three months (and possibly longer), and plaintiff's condition made it impossible to predict when he would actually be available to attend trial or sit for a perpetuation deposition. Under the circumstances, the court's ruling was within the range of legally permissible outcomes, and the court did not abuse its discretion.

Affirmed.

---

[4] As noted in *Belinskey*, ORS 12.220 creates a path for plaintiffs to get their claims tried on the merits, despite a dismissal on procedural grounds, without having to convince an appellate court that the dismissal was erroneous. To the extent that ORS 12.220 makes it "risky" to appeal instead of refile when refiling is available—because the plaintiff bears the risk of an unsuccessful appeal—forcing that choice "is exactly what the statute was intended to do." *Belinskey*, 237 Or at 112 (further holding that ORS 12.220 requires filing of the new action within 180 days of entry of the trial court's judgment of dismissal, not entry of the appellate judgment).