No. 126 February 20, 2025 131

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Mohammad Ali Nimber ABUZANET,
*Petitioner-Respondent,*

*and*

Fouzia LAKHLOUFI,
*Respondent-Appellant.*

Washington County Circuit Court
22DR07882; A181491

D. Charles Bailey, Jr., Judge.

Argued and submitted July 24, 2024.

Rachael A. Federico argued the cause for appellant. Also on the brief were Rachel M. Hungerford and Legal Aid Services of Oregon.

No appearance for respondent.

Before Aoyagi, Presiding Judge, Lagesen, Chief Judge, and Joyce, Judge.*

LAGESEN, C. J.

Affirmed.

_____

* Lagesen, C. J., *vice* Jacquot, J.

## LAGESEN, C. J.

Wife appeals a judgment of dissolution that the trial court purported to enter by "default" after she failed to appear at trial. She assigns error to the trial court's denial of her motion to postpone trial that she faxed to the court the day before trial. She also assigns error to the court's entry of a general judgment of dissolution without any evidence to support it, pointing out that, under our case law, default procedures do not apply when a litigant has appeared in a case but fails to appear at trial. For the reasons that follow, we affirm.

*Motion for postponement.* "A motion for postponement is addressed to the sound discretion of the trial court and review is granted only for the clear abuse thereof." *Rickenbach v. Flavel*, 273 Or 398, 400, 541 P2d 455 (1975); *Porter v. Veenhuisen*, 302 Or App 480, 482, 461 P3d 276 (2020) (ruling on postponement is reviewed for abuse of discretion). "The propriety of a court's denial of a continuance depends, in some measure, on the particular circumstances of the case and the reasons presented to the court at the time of the denial." *Meyer and Meyer*, 125 Or App 15, 19-20, 865 P2d 381 (1993). "The illness of a party is not ipso facto a cause for the continuance of the cause[.] Generally, illness is considered a good ground for a continuance when it appears that the party's presence is indispensably necessary." *Benson v Madden*, 206 Or 427, 432, 293 P2d 733 (1956) (internal citation and quotation marks omitted). Nevertheless, in the absence of evidence demonstrating how a claimed illness would preclude participation in trial, a court acts within its discretion by denying a requested continuance.

*Rickenbach* is illustrative. There, after previously being granted one trial postponement due to illness, the defendant again filed a motion to postpone the day before the trial "'on the grounds that the Defendant is to[o] ill to appear in Court tomorrow.'" *Rickenbach*, 273 Or at 399. The court heard the motion the morning of trial, at which the defendant failed to appear because she had left town to go to the University of Oregon medical school "apparently without counsel's knowledge." *Id.* The trial court denied the motion, and the Supreme Court affirmed. The court concluded that

the denial of a postponement was within the trial court's discretion under the circumstances. Those circumstances included (1) the absence of evidence that the defendant's medical condition impaired her ability to participate in trial; (2) the length of time the case had been pending ("some two years"); and (3) that "there [was] nothing to indicate that [the] defendant's visit to the University of Oregon Medical School in Portland on the morning of trial was prompted by an emergency other than the trial itself." *Id.* at 400-01. The court noted that "[n]o affidavit was filed by the defendant or the doctor to show that defendant was unable to attend a relatively short trial on simple issues." *Id.* at 401. The court further observed that the trial court had continued the matter for several hours on the day of trial before denying the continuance and proceeding in the defendant's absence. *Id.*

In view of *Rickenbach*, we conclude that the trial court was within its discretion to deny wife's motion for a postponement. As in *Rickenbach*, wife previously had been granted a postponement due, in part, to her representations about her health and, in part, her express desire to obtain a new lawyer. Also, as in *Rickenbach*, the grounds articulated in the second motion for a continuance were cursory. Wife's motion, filed the day before trial, stated only that she had "been admitted into the hospital Providence St. Vincent Medical Center." Wife provided no other facts in support of the motion and, as in *Rickenbach*, did not submit an affidavit or declaration from herself or a doctor explaining why she had been admitted to the hospital, or how her medical condition would impair her ability to participate in her trial. On the contrary, the trial court stated on the record that the court "had information from the hospital that she was released. They gave her a vehicle voucher to get here, and she's chosen not to be here." At the time of the trial, the case had been pending for almost 11 months, which is longer than the amount of time (two months) that the parties had lived together while married before they separated.

Given the specific circumstances before the trial court at the time it ruled on wife's motion—(1) the fact that the trial had been reset once before in part on account of wife's health; (2) the absence of evidence allowing for a

nonspeculative inference that wife's health condition, in fact, impaired her ability to prepare for or participate in the trial; and (3) husband's interest in avoiding further delay in dissolving the parties' short-term marriage—the trial court permissibly declined to postpone the trial.[1]

In arguing for a contrary result, wife points to two cases in which we held that the denial of a continuance was an abuse of discretion. Those cases are *State v. Johnson*, 304 Or App 78, 466 P3d 710 (2020), and *State v. Hickey*, 79 Or App 200, 717 P2d 1287 (1986). Those cases do not assist wife because, in those cases, the parties seeking postponements developed specific facts showing that their ability to prepare for trial had been impaired. In this case, more like in *Rickenbach*, wife did not develop such facts to support her motion for a continuance.

Noting that the court had ordered "No Further Resets" when granting her prior motion for postponement, wife also argues that the trial court failed to take into account her circumstances and impermissibly denied her continuance because the court was "already poised to deny [w]ife's request simply because the case had previously been set over and had been pending final resolution for a number of months." That argument is belied by the fact that the court obtained information from the hospital about wife's status before denying the continuance. In other words, on this record, there is no reason to think that the court would not have granted a postponement if the hospital had informed the court that wife remained hospitalized at the time of trial, or if wife had provided sufficient information to establish that she was legitimately unable to participate in the proceeding. Instead, at the time it ruled, the court had been informed by the hospital that wife had been discharged and provided with a means of transportation to court, and had no other information before it that would indicate that wife could not participate.

---

[1] After the trial court granted wife's previous request for a postponement and reset the trial date for April, husband moved to expedite the trial date, noting, among other things, that wife had not contacted husband regarding the setover and that "[t]he only documentation [supporting wife's claim of medical need] that was included in the Motion that [husband's] attorney received references a medical issue on December 13, 2022—more than a month prior to the trial date." The court denied the motion to expedite, retaining the April trial date.

Wife also suggests that the court's ruling was based on a misunderstanding of the procedural history of the case. She notes that the trial court erroneously stated on the record that the trial had been reset three times when, in fact, trial had been reset only once previously. The one other reset was of a hearing on husband's motion for an order to regain possession of the parties' residence, a matter that husband ultimately agreed could be resolved at trial. Although the court's statement was in error, we do not understand the court's denial of wife's continuance to rest on that error; rather, in our view, the court based its ruling on wife's failure to explain how her medical condition made her unable to participate in the trial, and the information that it received from the hospital.

Wife asserts additionally that the trial court failed to make a sufficient record to show that it adequately inquired into the merits of wife's motion. But the sparseness of the record is attributable to wife. Wife did not support her motion for a postponement with sufficient facts to permit a meaningful assessment of how her condition impaired her ability to prepare for and participate in trial. And, by failing to appear, wife forwent the opportunity to further develop the record in support of her motion. On the minimal information presented to it, the court's ruling is sufficient to permit meaningful review.

Finally, to the extent that wife suggests on appeal that her self-represented status and difficulties with English warranted more lenient treatment by the trial court, we are not persuaded that those factors compelled the trial court to exercise its discretion any differently, because the court had already taken steps to address those challenges. The trial court previously had allowed a reset to provide wife more time to seek a lawyer and prepare for trial in a way that accounted for her health needs. And the court had an interpreter on hand for the trial, to account for wife's language barrier. That the interpreter ultimately did not assist wife is attributable to wife's failure to come to court.

In sum, the trial court's ruling was not an abuse of discretion on the facts available to it.

*General judgment without evidence developed at trial.* In her second assignment of error, wife contends that the trial court plainly erred by entering a general judgment of dissolution that was unsupported by any evidence.[2] When wife failed to appear at trial, the trial court effectively treated the proceeding as one for a default judgment and, ultimately, entered a default judgment. As wife points out, that was plain error under our case law. *Kharma and Aljundi*, 332 Or App 489, 491-92, 549 P3d 1284 (2024); *Lovette and Lovette*, 139 Or App 550, 555, 913 P2d 333 (1996). The correct course of action was for the court to proceed to trial: "[E]ven if a party who has filed a responsive pleading fails to appear for trial at all—personally or through an attorney—the court should not enter a default order or judgment but may proceed to trial." *Kharma*, 332 Or App at 492. Thus, upon denying wife's motion for a continuance, the proper course of action would have been to proceed to trial and permit husband to make his case.

Having concluded that the trial court plainly erred by entering a default judgment rather than proceeding to trial, the remaining question is whether to exercise our discretion to correct the error. In deciding whether to exercise discretion to correct the error, we may consider, among other things, the gravity of the error and the role the party seeking reversal may have played in encouraging the error. *State v. Wiltse*, 373 Or 1, 10-11, 559 P3d 380 (2024). The Supreme Court has counseled that "it is only in rare and exceptional cases that an appellate court should reverse based on an

---

[2] Wife also argues that she should be excused from the preservation requirements because, due to her failure to appear at trial, she had no practical ability to raise the issue of evidentiary sufficiency. We decline to take that approach at least where, as here, the record is insufficient to demonstrate that the failure to appear was justified by reasonable grounds. ORCP 71 provides an orderly process for demonstrating that an order or judgment entered in a party's absence should be vacated, and we are not persuaded on this record that we should supplement that process by excusing preservation requirements where the lack of preservation results from a party's failure to appear. We note that wife did move to set aside the judgment and supported that motion with additional information about her medical condition. The trial court denied that motion. Although wife attempted to appeal the trial court's order denying the motion to set aside by amending the notice of appeal in this case, we dismissed the appeal as to the order denying the motion to set aside because wife's attempt to add that order to this appeal was untimely. Accordingly, the issue of whether the trial court properly denied wife's motion to set aside the judgment is not properly before us.

error that had not been raised in the trial court." *State v. Ortiz*, 372 Or 658, 666, 554 P3d 796 (2024) (internal quotation marks omitted).

We are not persuaded that this is the "rare" case in which we should exercise our discretion to correct the trial court's plain error. Wife's own conduct played a role in inducing the error, and its unpreserved status. By failing to appear for trial, wife necessarily took the risk that the trial would proceed in her absence, and that she would not have the opportunity to object to how the proceeding was conducted. Additionally, we do not perceive the error to be a grave one on these facts. It is unlikely that the trial court would reach a different result were we to remand for further proceedings. In this case, in accordance with the parties' prenuptial agreement, the dissolution judgment effectively restores the parties to their premarital situation, with the addition of a one-time payment of $10,000 to wife. As we understand it, wife contests the validity of the prenuptial agreement. Even if the trial court were to set aside the prenuptial agreement, given that the parties lived together for only about two months after they were married, and other circumstances of the parties' marriage, we think it unlikely that the trial court would reach a materially different result in dissolving the parties' marriage. Instead, we think it reasonably likely that the court simply would seek to restore the parties to their pre-marital situation, as is often the case with marriages that do not last long enough for the parties' affairs to become intractably enmeshed. *See, e.g.*, *Jenks and Jenks*, 294 Or 236, 242, 656 P2d 286 (1982) (discussing dissolutions of "short-term" marriages in which the parties' affairs do not become commingled).

Affirmed.