Argued September 11, affirmed September 30, 1964

# CONSOLIDATED FREIGHTWAYS *v.*
## WILHELM ET AL
### 395 P. 2d 555

*Stewart M. Whipple,* Portland, argued the cause for appellants. With him on the briefs were Seitz & Whipple and Richard C. Bemis, Portland.

*Hugh L. Barzee,* Portland, argued the cause for respondent. On the brief were Barzee, Leedy & Tassock, Portland.

Before McAllister, Chief Justice, and Rossman, Sloan, Goodwin and Lusk, Justices.

## SLOAN, J.

This was an action for breach of a contract. The contract was one in which defendants, as the sole stockholders of Hunt Transfer Co., Inc., sold all of their stock in the transfer company to plaintiff. The contract expressed the recognition of the parties that the sale would require the approval of the Interstate Commerce Commission before the sale could be fully completed, and that to obtain this approval would require about two years. Accordingly, the contract contained specific provisions for the continuation of the business of the Hunt Transfer Co., Inc., by defendants until the final approval was obtained. The crucial provision of the contract which caused this action read:

> "(u) Shareholders warrant that Hunt has and at the time of closing will have good and merchantable title to all of its property and assets, real and personal, subject to changes in the usual course of business only, free and clear of all encumbrances excepting (1) purchase money mortgages, (2) liens of other title retention papers covering equipment purchases, (3) liens for current taxes not delinquent, and (4) minor imperfection of title and encumbrances, if any, which are not substantial in amount do not materially detract from the value of the assets subject thereto or materially impair

the ability of Hunt to carry on its business as now conducted."

During the course of defendants' continued operation of the business an employee embezzled over $20,000. After the sale was completed plaintiff brought this action to recover the amount embezzled. Plaintiffs main reliance in this action was on the paragraph of the contract just quoted. Plaintiff alleged that defendants had failed to deliver all of the assets and property agreed upon. Defendants contended that money was not a property or asset as contemplated by the contract. Plaintiff prevailed in the trial court, defendants appeal. There is no dispute as to the facts. The case was, and must be, determined on the intent of the parties as expressed in the contract. There are several assignments of error but all relate to the same contentions of the parties.

■■ Although we have quoted only the one paragraph other provisions of the contract hold significance and we look to the document in its entirety. *The Simms Co. v. Wolverton et al,* 1962, 232 Or 291, 296, 375 P2d 87. It is obvious, of course, that when the contract was drafted that no one very likely thought of assets being removed by embezzlement. But we do think it equally clear that plaintiff bargained for and received defendants' promise to deliver all of the assets subject only to the exceptions expressed in the contract. The loss by embezzlement was no different than if the officers of the company had siphoned off cash in some more legal manner. There is no validity to the argument that the quoted paragraph did not contemplate money. Certainly, the parties intended that all of the money received by the transfer company during the time that defendants continued to operate the

company was one of the assets bargained for, subject, of course, to the usual ebb and flow of cash in the normal course of business.

Defendants advance arguments and cite authority which holds that money is not property to which title attaches in the same manner as to other more identifiable property. It is also argued that the ownership of property is not affected by theft or embezzlement. The arguments miss the point. Here, it is a question of the intent of the parties. *Salem King's Products Co. v. Ramp,* 1921, 100 Or 329, 196 P 401. We have said that:

"* * * While guides are set up by the statutes and by judicial expression to aid the court in ascertaining what the contracting parties intended by the words used, we do not believe it is necessary to restate those guides here, for they are not inflexible, their purpose being, as before stated, to ascertain what the parties probably intended, and technical niceties cannot always be strictly applied. 'Business contracts must be construed with business sense, as they naturally would be understood by intelligent men of affairs.' Thus speaks Mr. Justice Holmes in The Kronprinzessin Cecilie, 244 US 12, 24, 61 L ed 960, 37 S Ct 490." *The Texas Co. v. Butler et al,* 1953, 198 Or 368, 376, 377, 256 P2d 259.

It must also be noted that ORS 42.260 requires that:

"* * * When different constructions of a provision are otherwise equally proper, that construction is to be taken which is most favorable to the party in whose favor the provision was made."

And we find the intent to be that above expressed.

Judgment affirmed.