Argued March 7, reversed and remanded May 15, 1968

JARRARD, *Respondent, v.* CONTINENTAL
CASUALTY COMPANY, *Appellant.*

440 P. 2d 858

*David C. Landis,* Portland, argued the cause for appellant. With him on the brief were Morrison & Bailey.

*John Paul Jones,* Portland, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

LUSK, J.

This is an action on a policy of health insurance. In a trial before the court without a jury the court entered findings of fact, conclusions of law, and a judgment in favor of the plaintiff. Defendant appeals.

Prior to November 1, 1960, the defendant issued a group policy of health insurance to Oregon Society of

Certified Public Accountants (called in the policy the Holder). Plaintiff, a certified public accountant and a member of the society, was covered by the policy through a certificate issued to him by the defendant on November 1, 1960. The coverage extended to plaintiff's wife and three minor children. On August 18, 1964, the policy still being in effect, plaintiff's son, Frederick Paul Jarrard, was born. When 14 days of age the child was healthy and normal, but later he became ill and died. Plaintiff thereafter gave notice to the defendant of his claim—hospital and other expenses incurred in treating the child—but the claim was rejected, because no written application for insurance for the child had been made. This action followed. The sole question is whether the child was covered and the solution of that question depends upon the correct construction of certain provisions of the policy relating to "Insured Dependents."

It should first be pointed out that the premium paid by the plaintiff covered not only his children living at the time the certificate was issued, but also any children who might be born afterwards and qualify as "Insured Dependents."

Defendant agreed in the policy

"* * * to insure under this policy eligible Members and Employees of Members of the Holder (herein called the Insured) and their eligible Dependents (herein individually called the Insured Dependent) and promises to pay for loss resulting from injury or sickness; in the manner and to the extent herein provided."

Immediately after the above language are "DEFINITIONS." The first is of the word "Injury" and the next the following:

"'Insured Person' wherever used in this policy

means either the Insured or the Insured Dependent. 'Insured Dependent' wherever used in this policy means any of the following persons not eligible Members or Employees of Members of the Holder for whom written application has been made and accepted by the Company and for whom the required premium, if any, has been paid: (a) the spouse of the Insured; or (b) the unmarried child or children of the Insured or of the Insured's spouse who are over 14 days and under 23 years of age."

Plaintiff did not make written application for coverage of his son Frederick Paul until October 5, 1964. At that time the child was in the hospital suffering from the illness which culminated in his death. Application under those circumstances, if one was required, would not, under a provision of the policy, be effective to obtain coverage. The question is whether it was required. Plaintiff contends that upon his son passing the age of 14 days coverage automatically attached whether applied for or not; defendant, that, in the absence of a timely written application, there was no coverage.

The dispute centers upon the definition, above quoted, of an "Insured Dependent." Plaintiff argues that the clause "for whom written application has been made and accepted by the Company" modifies the phrase immediately preceding it, "not eligible Members or Employees of Members of the Holder." The brief illustrates this construction by italicizing portions and bracketing other portions of the provision as follows:

> "* * * *'Insured Dependent' wherever used in the policy means any of the following persons* [not eligible Members or Employees of Members of the Holder for whom written application has been made and accepted by the Company and for whom the

required premium, if any, has been paid]: *(a) the spouse of the Insured; or (b) the unmarried child or children of the Insured or of the Insured's spouse who are over 14 days and under 23 years of age."*

Under defendant's construction the clause commencing "for whom written application has been made," modifies "any of the following persons," i.e., the persons listed in (a) and (b). The meaning is illustrated in defendant's brief thus:

"* * * 'Insured Dependent' wherever used in the policy means any of the following persons (not eligible Members or Employees of Members of the Holder) for whom written application has been made and accepted by the Company and for whom the required premium, if any, has been paid: (a) the spouse of the Insured; or (b) the unmarried child or children of the Insured or of the Insured's spouse who are over 14 days and under 23 years of age."

The provision contemplates that there may be eligible members or employees of members of the society who are also dependents—a spouse of the insured, or an unmarried child of the insured or the insured's spouse within the specified age brackets. Such persons are excluded from the definition of "Insured Dependent" either unqualifiedly, or, as plaintiff contends, conditionally, that is, if written application for coverage has been made for them and accepted by the company and the required premium, if any, has been paid for them. But to say that they are not *insured* dependents if the condition is complied with (and, impliedly, that they are insured dependents if it is not) approaches absurdity. The language cannot be read so as to make sense unless the condition modifies "the following persons," i.e., the spouse and the children. They are persons *for whom* application is made and

*for whom* the premium is paid by the insured. In Part IV of the policy, where the effective date of insurance is declared, the phraseology is the same in those provisions dealing with insured dependents, thus: "The insurance of a new insured spouse *for whom* written application is made"; "the insurance of an Insured Dependent child *for whom* the required additional premium, if any, has been paid." Where, however, the policy deals with persons termed "Insured," rather than "Insured Dependent," the language is different. Thus, again in Part IV, we read: "If the required percentage of such Members and Employees makes written application"; under certain circumstances any member or employee "is eligible to apply for insurance," and "such insurance shall take effect as of the date of the approval of his application." In short, the members and employees apply for their own insurance; insured dependents are persons for whom application is made by members and employees. Plainly, the clause was intended to modify "any of the following persons," and eligible members and employees of members of the society are excluded absolutely from the category of insured dependents, even though they may be in fact dependents.

■ The argument of the plaintiff is based largely on the rules of grammar—in particular the proximity of the modifying clause to the noun or subject affected. The rules of grammar, however, are technical and, as in the case of statutes, will not be permitted to control construction of a contract when to do so would be to render the language meaningless or absurd. See Endlich, Interpretation of Statutes, §§ 81, 414. Such, we think, would be the result if plaintiff's contention were sustained.

■ It is argued, however, that another provision of

the policy casts doubt upon defendant's construction. Part IV is entitled "ELIGIBILITY AND EFFECTIVE DATE OF INDIVIDUAL INSURANCE." After defining eligibility of members and employees of members and stating the procedure by which they may become insured and the time when their insurance shall take effect, it is provided:

> "The insurance of eligible Dependents of Members and Employees of Members of the Holder for whom written application is made and accepted by the Company at the same time as is the application of the Insured shall take effect as of the effective date of the insurance of the Insured. The Insured may add from time to time any new eligible Dependents as follows:
>
> "(a) The insurance of a new insured spouse for whom written application is made and accepted by the Company and for whom the required additional premium is paid shall take effect on the date of the Company's approval of the written application.
>
> "(b) The insurance of an Insured Dependent child for whom the required additional premium, if any, has been paid shall take effect on the date of the Company's approval of the written application."

Plaintiff contends that paragraph (b), above quoted, has no relevance to the case of a child for whom no additional premium is required and, therefore, no relevance to this case. But insurance policies, like other contracts, are to be construed as an entirety. It will have been noticed that the words "if any" are also used in the definition of Insured Dependent, obviously in recognition of the fact that there might be children who would be covered without payment of additional premium upon application for coverage. Paragraph (b) has to do with the effective date of "an Insured Dependent child." Only one for whom

written application for insurance has been made and accepted meets that description, as has already been shown, and necessarily, therefore, the provision regarding the effective date of the insurance includes a dependent child for whom no additional premium is required. The very use of the words "if any" indicates that it was not limited to dependents for whom an additional premium is required.

Plaintiff also seeks support for his position in the following provision of Part IV:

"* * * No insurance provided by this policy shall become effective as to an individual Insured Dependent if such Dependent is hospital confined, on account of injury or sickness, when his or her insurance would otherwise take effect, and the insurance of such Dependents shall take effect 31 days after such hospital confinement terminates."

The words "would otherwise take effect" are emphasized by plaintiff as indicating automatic coverage of newly born children after they attain the age of 14 days. The argument begs the question. The date the insurance takes effect is fixed by the previous provision, paragraph (b). The purpose of the provision now under consideration—and it is clear enough—is to delineate circumstances under which the previously stated effective date would not be applicable and another would take its place.

■■■ It is, of course, the rule that if a policy of insurance is reasonably susceptible of two constructions it should be construed most favorably to the policyholder, *Wallace Co. v. State F. M. Auto. Ins. Co.*, 220 Or 520, 525, 349 P2d 789, and that the test is what a reasonably intelligent and careful person in the position of the insured would have understood the words

to mean, *Borglund v. World Ins. Co.*, 211 Or 175, 181, 315 P2d 158. The difficulty with applying these principles here is that the definition of "Insured Dependent" in the policy is not susceptible of two reasonable constructions, as we think we have demonstrated, and that to give the words the meaning urged by the plaintiff is to reduce them to nonsense. Such an interpretation is by all means to be avoided, *Importers' & Exporters' Ins. Co. v. Jones,* 166 Ark 370, 266 SW 286; 13 Appleman, Insurance Law and Practice, 96, § 7402. As Judge Walter Sanborn said, a rule of construction "ought not to be permitted to have the effect to make a plain agreement ambiguous, and then to interpret it in favor of the insured." *Standard Life & Accident Ins. Co. v. M'Nulty* (8th Cir) 157 F 224, 226.

■ One other point made by the plaintiff should be noticed. It is said that the requirement of a written application in the circumstances of this case is "perfunctory" and that it is "only where additional premium is required (a concomitant of increased risk) that the company is entitled to, and where the company asks for * * * a written application." It seems to us, however, that the insurance company has required a written application not as a mere matter of idle curiosity. It could legitimately consider that it has a strong interest in receiving and either approving or disapproving such an application for additional insured at the time the contingency arises, and in keeping a record of such insured, rather than that it should remain in ignorance that it has insured a "new" spouse or newly born child until it is called upon to pay a claim.

The judgment is reversed and upon the remand the circuit court will enter judgment for the defendant.