Argued April 7, affirmed June 27, 1978

KOEGLER, *Appellant,*
*v.*
STATE FARM INSURANCE COMPANIES,
*Respondent.*
(No. 76-0025, SC 25353)
580 P2d 182

Darryl E. Johnson, Roseburg, argued the cause and filed the brief for appellant.

Richard A. Roseta, Eugene, argued the cause for respondent. On the brief were Jaqua & Wheatley, P.C., and William G. Wheatley, Eugene.

Before Holman, Presiding Justice, Howell and Lent, Justices, and Joseph, Justice Pro Tempore.

JOSEPH, Justice Pro Tempore.

**JOSEPH, J.,** Pro Tempore.

Defendant issued a homeowner's policy to Donald R. Koegler and Elsie J. Koegler, plaintiff's parents, on premises in Winston, Oregon. The loss coverage included unscheduled personal property as defined and limited in the policy. At the relevant times the parents were residing, first, in New Orleans and then at the time of the loss involved in Waukegan, Illinois. The parents had left some of their furniture in the house and intended to return there eventually to live. While living away from Winston, they returned as often as three times a year to visit. The company had knowledge that they were not living in the house. Plaintiff occupied the house, but whether his occupancy was as a tenant or gratuitous is not shown in the record. In 1974 plaintiff filed a claim for water damage to a rug owned by his parents, and payment on that loss was made to the parents, who were then living in New Orleans. In 1976 plaintiff suffered two losses of personal property by theft from the house. The property was of the sort covered by the policy. A claim was filed, and it was denied.[1]

Plaintiff brought this action on the policy. The case was tried to the court on stipulated facts and written arguments. The court found generally against the plaintiff, who appeals from the judgment.

■ Plaintiff's claim simply stated is that he is an "insured" within the definition of the policy because he is a relative and was living in the household of the named insureds. Alternatively, he asserts that the conditions of coverage under the policy have been waived by the company or that the company is estopped to deny coverage because it continued the policy with knowledge that the named insureds were not living on the premises.

---

[1] A claim for damage to the house which occurred at the time of the thefts was apparently paid to the parents.

[ 749 ]

The relevant portions of the policy are these:

"In Consideration of the Provisions and Stipulations Herein or Added Hereto and of the Premium Above Specified * * *, this Company, * * * does insure the Insured named in the declarations above and legal representatives, to the extent of the actual cash value of the property at the time of loss, * * *.

"* * * * *

"COVERAGE B—UNSCHEDULED PERSONAL PROPERTY.

"1. On Premises: This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an Insured, while on the premises, or at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.

"* * * * *

"2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an Insured or at the option of the Named Insured, owned by a guest while in a temporary residence of, and occupied by an Insured or owned by a residence employee * * *.

"* * * * *

"PERILS INSURED AGAINST
"* * * * *

"This policy with respect to Coverage B under Section 1 insures against direct loss to the property covered * * * by the following perils * * *:

"* * * * *

"11. Theft, meaning any act of stealing or attempt thereat and, as to Coverage B (on premises), including theft of property covered from within any * * * occupied dwelling not owned or occupied by or rented to an Insured, in which the property covered has been placed for safekeeping. * * *

"* * * * *

"DEFINITIONS—SECTION II
* * * * *

"1. Insured—The unqualified word 'Insured' includes (1) the Named Insured, (2) if residents of his household,

[ 750 ]

his spouse, the relatives of either, and any other person under the age of 21 in the care of an Insured, * * *.

"2. Premises—means:

"(1) the premises described in the Delcarations,

"(2) all other premises where the Named Insured or his spouse maintains a residence, except business property and farms,

"* * * * *"

On the stipulated facts the trial judge found as a matter of law that plaintiff was not insured under the policy. We agree.

Plaintiff argues that the policy is ambiguous and should therefore be interpreted against the company and in favor of coverage for the claimed loss. That rule of interpretation is well established, of course (see *Jarrard v. Continental Casualty,* 250 Or 119, 126, 440 P2d 858 (1968)), but before it can be applied the policy must be susceptible to differing reasonable constructions. *Wallace Co. v. State F. M. Auto. Ins. Co.,* 220 Or 520, 525, 349 P2d 789 (1960). Under the stipulated facts there are no ambiguities in the subject policy.

The named insureds were the parents. The lost property was not "owned, worn or used" by them. That much is agreed. No portion of the premises was "occupied exclusively by" them. The property was lost by theft but it was not within the protection of the policy unless the plaintiff was an insured. There is no coverage expressed in the policy for the property of one occupying the premises as a tenant or otherwise unless the occupant fits within the definition of an "insured."

The only way plaintiff can arguably bring himself within the ambit of this policy is by establishing that he was a resident of the household of his parents. Given that at the times of the thefts the parents' living establishment was in Waukengan, Illinois, clearly plaintiff and his parents were not living together in the premises in Winston. He was not therefore a resident of their household. *Schehen v. North-West Insurance,* 258 Or 559, 484 P2d 836 (1971).

[ 751 ]

■ Plaintiff argues that the defendant has waived or is estopped to rely on the resident-in-household limitation in the definition of an insured because it accepted premiums from the parents knowing they did not live in the house. He claims that he relied on the premium payments and the company's knowledge and did not therfore procure his own insurance. That bold assertion is not supported by any facts in the record, but in any event the very terms of the policy demonstrate that it contemplated coverage for the named insureds' property wherever they might establish a residence. Acceptance of the premiums was not a waiver of anything and could not estop the company against the plaintiff.

Affirmed.