Argued and submitted October 3, reversed and remanded November 17, 1980

## McINTIRE,
*Appellant,*
*v.*
## FIRST FAR WEST
## LIFE INSURANCE CO.,
*Respondent.*

(No. A7910-05098, CA 17493)

619 P2d 1300

Wm. H. Poole, Gresham, argued the cause and filed the briefs for appellant.

Ridgway K. Foley, Jr., Portland, argued the cause for respondent. With him on the brief was Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Before Joseph, Presiding Judge, and Warden and Warren, Judges.

JOSEPH, P. J.

## JOSEPH, P. J.

Plaintiff appeals from a summary judgment. Defendant issued a health and accident policy to plaintiff's husband on November 9, 1978. She sued to recover benefits for medical bills incurred between November 16, 1978, and his death from cancer in March, 1979. The insurer had refused to pay, relying on policy language excepting pre-existing conditions from coverage.[1] By way of an affirmative defense, the insurer alleged that the husband had "experienced direct symptoms of the sickness necessitating the treatment" before he bought the policy.

Defendant's motion for summary judgment was signed by counsel. It contained in its "POINTS AND AUTHORITIES" allegations of facts[2] which were claimed to be supported by "medical reports and records" which were attached to the motion but which were neither sworn to nor otherwise certified. There were no affidavits, depositions or admissions on file. Plaintiff's counsel filed a memorandum in opposition to the motion for summary judgment and attached to it a letter by the physician who had first examined the husband on November 13, 1978. The letter was neither sworn to nor otherwise certified. Plaintiff filed no affidavits.

In short, there was nothing before the court on which it could base a summary judgment under either former ORS 18.105(2), (3) and (4),[3] which was in effect

---

[1]

"Benefits are not payable for hospital confinement, treatment or services: *** (n) resulting from pre-existing conditions in the first two years of the policy.

"* * * * *

" 'Pre-existing' condition means a sickness or injury for which a Covered Person saw a physician, or for which direct syptoms were evident, before the Effective Date of the policy."

[2] *I.e.:*

"Three weeks prior to November 16, 1978 plaintiff's husband experienced direct symptoms of the lung carcinoma which necessitated the treatment for which plaintiff seeks coverage, specifically left upper lateral chest pain; with a pleuritic component progressing to hemoptysis on or about November 11, 1978."

[3] "* * * * *

when the case was filed, or ORCP 47, which was in effect when the motion was filed and which is in all relevent respects identical to the statute. The defendant had the burden under the statute and the rule of showing the absence of a genuine issue of fact, but it failed to submit materials that would have permitted the trial court to make that determination. *See Adickes v. S.H. Kress & Co.,* 398 US 144, 90 S Ct 1598, 26 L Ed 2d 142 (1970).[4]

Reversed and remanded.

"(2) A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in his favor as to all or any part thereof.

"(3) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

"(4) Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories or further affidavits. When a motion for summary judgment is made and supported as provided in this section, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this section, must set forth specific facts showing that there is a genuine issue as to any material fact for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

"* * * * *."

[4] We note that if a motion for summary judgment complying with the applicable provisions is again submitted, and if the supporting documentation is in substance no more than that submitted this time, we would be inclined to agree with the appellant in the following excerpt from her brief:

"In short, there are material and genuine issues of fact to be determined in this case. Namely, whether the symptoms experienced by the insured, Mr. McIntire, at the time this policy was purchased are 'direct symptoms' in and of themselves which at that point in time were directly related to the very specific disease of lung carcinoma. Further, there are material issues of fact raised in this case pertaining to the construction of the policy terms themselves."