Argued and submitted May 24, reversed and remanded December 29, 1982

## FAR WEST REFORESTERS, INC.,
*Appellant,*

*v.*

## STATE OF OREGON, through its
## Department of Forestry,
*Respondent.*

(No. 119-879, CA A22375)

656 P2d 374

Marybeth Ormsby, Portland, argued the cause for appellant. With her on the brief were Allen & Yazbeck, and Joseph A. Yazbeck, Jr., Portland.

Christine L. Dickey, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were

Dave Frohnmayer, Attorney General, Stanton F. Long, Deputy Attorney General, and William F. Gary, Solicitor General, Salem.

Before Joseph, Chief Judge, and Thornton and Van Hoomissen, Judges.

JOSEPH, C. J.

Thornton, J., dissenting.

## JOSEPH, C. J.

Plaintiff brought this action to recover $18,000.50 for planting 259 acres of tree seedlings that allegedly were not included in the amount of planting required to be done under the written contract between the parties. Both parties moved for summary judgment. The trial court granted defendant's motion, and plaintiff appeals from the judgment.

In October, 1979, the Department of Forestry invited bids

"* * * to furnish all equipment, materials and labor to perform Tree Planting and Tubing Services for the Forestry Department near Tillamook, Oregon in accordance with [certain] specifications."

The invitation served as the bid document and contained all the terms of the contract. At the top of the first page of the document is the following language:

| "ITEM | DESCRIPTION | "ESTIMATED QTY. | PRICE PER ACRE | TOTAL |
|-------|-------------|-----------------|----------------|-------|
| "1 | Tree Planting | 1285 acres | _____ | _____ |
| "2 | Tree Planting and Tubing | 259 acres | _____ | _____ |

"Additional units on this contract require planting or planting and tubing by CONTRACTOR. Bidders are required to submit separate bids for planting and planting and tubing as basis for payment on additional units."

Section 1.01 contains the planting area descriptions and lists 21 named units as areas to be planted, three of which are also shown as units to be tubed.[1] The total acreage listed for the 21 units in that contract section is 1285 acres. The three units designated for tubing under Section 1.01 are also separately listed under Section 1.01A, which contains the tubing area's description, and they are the only units listed in that section. The total acreage listed

---

[1] "Tubing and planting" is not an activity distinct from "planting." Tubing is done in addition to planting, when a protective tube is placed around a planted seedling.

there is 259 acres.[2] Section 1.04 describes "the size of the contract" as

"* * * 1544 acres of planting in 21 units which includes 259 acres of tubing in 3 units as described in * * * paragraph 1.01 and 1.01A."

Plaintiff's bid under Item 1 was $69.50 per acre, totalling $89,307.50. Its bid under Item 2 was $312 per acre, totalling $80,808. The overall total bid, $170,115.50, was the lowest received by the Department, and plaintiff was awarded the contract. At some time after plaintiff had begun performance, a dispute arose about how many acres were to be planted. Defendant insisted that the contract called for 1544 acres, and when plaintiff had planted 1285 acres and tubed 259 of those acres, it was directed to plant 259 more acres.[3] It complied and then brought this action to recover compensation for the allegedly additional work.

Plaintiff's argument on its motion for summary judgment was that the bid document is ambiguous as to how many acres were to be planted. The trial court found otherwise. Plaintiff argues that, because Section 1.01 listed 1285 acres to be planted in 21 units,[4] three of which units were *also* to be tubed, the contract contemplated only a total planting acreage of 1285. It maintains that, because Sections 1.01 and 1.01A show a total planting acreage of 1285, it was reasonable for it to understand the words "Planting and" in bid Item 2 as a misprint. It claims that its bid price per acre under Item 2 was for tubing only, rather than for "Planting and Tubing," and thus that its total bid was for planting 1285 acres, 259 of which were also to be tubed. According to plaintiff, the bid document was, at the very best, ambiguous.

Defendant argues that the contract is not ambiguous. It claims that the language of bid Items 1 and 2, including the instruction

---

[2] The acreage listed for one of the named units in Section 1.01A was less than the acreage listed for that unit under Section 1.01. The acreage for the other two units was the same under both sections.

[3] These acres apparently were not on the list in Section 1.01 labelled "The Planting Area Description" but were selected from the list in the section entitled "Additional Units Available if Slash Burned, or Units Released."

[4] Far West refers to 23 units listed under Section 1.01. Although the last unit listed there is numbered 23, there are only 21 units in the list.

"[b]idders are required to submit separate bids for planting and planting and tubing as a basis for payment on additional units,"

and the reference in Section 1.04 to the size of the contract as 1544 acres make clear that the total acreage to be bid under the contract was 1544 acres and that the invitation to bid had to be understood as calling for one bid for planting 1285 acres and a separate one for *planting and tubing* a different 259 acres.

■        The document is ambiguous. Sections 1.01 and 1.01A, which specifically describe the planting and tubing areas, show that 21 units totalling 1285 acres were to be planted and that three of those units, totalling 259 acres, were to be tubed as well as planted. Although Section 1.04 refers to a total planting acreage of 1544, it says that acreage is made up of *"21 units* which includes 259 acres of tubing in 3 units as described in [Sections] 1.01 and 1.01A." (Emphasis supplied.) It is certain that those 21 units are the same 21 units listed in Section 1.01, whose acreage totals only 1285. There is thus a conflict in the document between Sections 1.01 and 1.01A, on the one hand, and Section 1.04 and Items 1 and 2, on the other.

The state argues that "[r]egardless of any confusion concerning the total number of acres, there is no ambiguity with regard to the basis of the bid." It maintains that the bidders were explicitly instructed to make separate unit bids for "planting" and "planting and tubing." There might well have been no ambiguity with regard to the basis of the bid had the Department of Forestry not inserted the estimated acreages under Items 1 and 2. However, because the *specifications* for the tree planting project under Sections 1.01 and 1.01A showed a total of only 1285 acres to be worked on, the basis for the bid is not clear, and a contractor could not know from the terms of the document whether to bid on a total of 1544 acres, as Items 1 and 2 suggest, or 1285 acres as the area specifications show.

■ ■        The intention of the parties is determined from the contract as a whole. *See Consolidated Freightways v. Wilhelm,* 238 Or 518, 520, 395 P2d 555 (1964); *Sproul v. Gilbert,* 226 Or 392, 402, 359 P2d 543 (1961). Because each party can find support in the bid document for its view

regarding the contemplated contract size, and because we cannot, by simply looking at the contract as a whole, reconcile the inconsistent portions, the question of what the parties intended is not a question of law. It is for the trier of fact.[5] *Bartlam v. Tikka,* 50 Or App 217, 220, 622 P2d 1133, *rev den* 290 Or 853 (1981); *Chambers v. School Dist. No. 40,* 22 Or App 463, 466, 540 P2d 1026, *rev den* (1975).

Reversed and remanded.

**THORNTON, J.,** dissenting.

The majority opinion finds the contract in issue to be ambiguous and remands the case for trial. I respectfully disagree. Contrary to the majority, in my view the contract is unambiguous, there are no genuine issues of material fact and the trial court's order should be affirmed.

The contract consists of an "Invitation to Bid" to furnish all equipment, materials and labor to perform "(1) Tree Planting," "(2) Tree Planting and Tubing" services for the Department of Forestry. The "Tree Planting" was to be done on an "estimated" 1285 acres. The "Tree Planting and Tubing" services were to be performed on an estimated 259 acres. Immediately following the bid items are the following two sentences:

"Additional units on this contract require planting or planting and tubing by CONTRACTOR. Bidders are required to submit separate bids for planting and planting and tubing as basis for payment on additional units."

The majority opinion concludes that an ambiguity is created because of the uncertainty as to the total number of acres to be planted and/or tubed, and that this discrepancy entitles a bidder to ignore half of the description of item 2, "Planting and Tubing," to read "Tubing" and totally ignore the specific instructions to submit separate unit bids.

To be sure there are several discrepancies in the bid document. For example, Section I, paragraph 1.01, lists a total of "23 units" to be bid on. A close inspection of that

---

[5] Far West argues that because both parties moved for summary judgment, alleging that there is no material issue of fact, we should construe the contract and grant its motion for summary judgment. However, there *is* a material issue of fact — namely, what the parties intended when they signed the contract.

list, however, reveals that units numbered 18 and 19 have been omitted from the list for some reason. Next, Section I, paragraph 1.01 shows as a total an estimated 1285 acres to be bid on, of which 259 acres were to be "tubed and planted," whereas Section 1.04 shows a total of "1544 acres of planting which includes 259 acres of tubing in 3 units as described in Section I, paragraph 1.01 and 1.01 A." Again, the number of acres to be "planted and tubed" are shown as totaling 274 acres in Section 1, paragraph 1.01, but are shown as totaling 259 acres both in Section 1.10A and in Item 2 in the invitation to bid at the beginning of the bid document.

The majority regards these discrepancies as creating an unacceptable ambiguity requiring a trial and a factual determination as to the intent of the parties. For the reasons now explained, I cannot agree. In my view, the invitation to bid already unequivocally called for a separate unit price bid for "(1) Tree Planting," and "(2) Tree Planting and Tubing." A reading of the entire contract shows that the number of actual acres was not irrevocably fixed.

Plaintiff claims that in fact he did just "assume" that the words "Planting and" in item 2 were a misprint. To be consistent with that position, plaintiff would also have to assume that the two sentences quoted earlier following item 2 were also misprints. I submit that a reasonable bidder would not just "assume" that the operative language on how to submit a bid on an "Invitation to Bid" is a misprint. Furthermore, no reasonable person viewing the parties' objective manifestations of intent, would conclude that the parties intended to read the operative provisions out of the contract.

It is, of course, axiomatic that a court is required to construe a contract as a whole. The discrepancy noted by plaintiff would not lead any reasonable bidder to conclude that he should submit a bid for "Tubing" only. There are several references to the number of acres which may be planted and tubed under the contract, and when read together it is clear that the actual number of acres which eventually may be worked was not intended to be irrevocably predetermined and fixed. The bidding instructions

explicitly state that additional acres may become available and require separate unit bids for "planting" and "planting and tubing" to provide a basis for payment. Additionally, the item description column heading for the number of acres is "Estimated Qty." Finally, the specifications themselves list and describe 251 additional acres which may become available for planting. When these provisions are construed as a whole, it is clear that the total number of acres to be worked could not be determined from the contract and that any numbers mentioned were not intended to be final.

Taking the contract as a whole, it is manifest that the bidders were required to make separate unit bids for "planting" and "planting and tubing." Regardless of any claimed discrepancy concerning the total number of acres, there is no ambiguity with regard to the basis of the bid. Likewise, there is no basis for plaintiff's unilateral change in the basis of the bid. If plaintiff had any question as to the basis for the bid, it easily could have indicated the actual basis of its bid.

In the affidavit of Michael Cox, President of plaintiff corporation, filed in support of plaintiff's motion for summary judgment, and in its brief, plaintiff recites its subjective mental processes during the preparation of its bid. Attached to the affidavit as an exhibit is a post-contract letter dated January 16, 1980, from Mr. Cox to the Department of Forestry. Similarly, in its brief, plaintiff contends:

> "Reading Bid Item 1 and 2 of the contract, together with attached specifications, Section 1.01 'Planting Area Description' and Section 1.01A 'Tubing Area Description', plaintiff concluded that the words 'Planting and' in bid item 2 were a misprint."

The question is not what plaintiff and its officers concluded. Their subjective interpretation of the contract cannot create an ambiguity. Consideration of subjective intent is wholly improper. The purpose of the objective theory of contracts is to allow parties to rely on the written expression of intent and not one or the other party's later assertions of undisclosed subjective intent.

While there are several discrepancies in the bid document and contract, the basic terms of the invitation to bid in my view are not ambiguous within the meaning of that term as interpreted in similar cases. *See Springer v. Powder Tool Corp.,* 220 Or 102, 348 P2d 1112 (1962); *Harty v. Bye,* 258 Or 398, 483 P2d 458 (1971); Restatement, Contracts § 230; 4 Williston § 607.

A reading of this record leaves one with the impression that what happened here was that plaintiff simply misbid on the contract, relying not on the terms of the bid document but on what its officers thought was the prevailing practice of the Department of Forestry in earlier jobs plaintiff had bid on. I see no legal basis for charging the state for plaintiff's own error.