Argued and submitted November 16, 1984, affirmed May 22, 1985

# LaPOINTE'S, INC.,
*Appellant,*

*v.*

# BERI, INC.,
*Respondent.*

## (138979; CA A31219)

699 P2d 1173

Dell A. Alexander, Albany, argued the cause for appellant. With him on the briefs was Emmons, Kyle, Kropp, Kryger & Alexander, P.C., Albany.

J. Philip Parks, Salem, argued the cause for respondent. With him on the brief were Billy M. Sime and Parks & Bauer, Salem.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

Plaintiff lessee brought this action for declaratory judgment against defendant lessor, seeking the construction of a commercial lease. Plaintiff claimed that the lease restricted parking at the Salem Plaza to customers only and that defendant had breached the lease by failing to police the parking area adequately to ensure that parking was limited to customers. Plaintiff sought injunctive relief with respect to parking, damages for lost profits and a declaration concerning whether certain common area maintenance expenses were to be included as rental under the terms of the lease. The jury[1] returned a verdict for defendant on its counter-claim for back rent chargeable under the lease as common area maintenance expenses.

Plaintiff appeals, assigning as error the trial court's rulings: that the lease did not restrict parking to customers only; sustaining defendant's objection to the introduction of evidence offered by plaintiff to prove damages; and allowing defendant to amend its counterclaim to include an additional administration fee which the jury found chargeable as a common area maintenance expense. We affirm.

On January 25, 1966, plaintiff and defendant's predecessors, Commonwealth, Inc., signed a commercial lease for retail space to be constructed in a shopping mall called the Salem Plaza. Paragraph 15 of the lease is titled "PARKING OF CARS" and provides:

"The Tenant and its employees shall not park cars on the street in front of any of the buildings in Salem Plaza of which the demised premises are a part, or in any alley or court in the rear of said buildings. * * * Parking on the designated parking areas shall be free parking for customers without validations. Landlord will use diligent effort in policing parking area to prevent abuse of parking privileges. Landlord will reserve one parking space for exclusive use of Tenant at the location indicated in red on Exhibit "A" hereto; said space to be available to Tenant at all times and without restrictions,

---

[1] It is our understanding that the jury's participation in this case was essentially limited to the determination of damages and that the trial court was to construe and declare the meaning of the lease. There is no indication in the record that the jury was empaneled as an advisory jury under ORCP 51D. In any event, there is no assignment of error claiming that there is a procedural irregularity.

provided that Tenant's vehicle or vehicles using said space shall be clearly labeled or identifiable as a business vehicle * * *."

Paragraph 18 is titled "ACCESS TO PREMISES" and provides in pertinent part:

"Landlord agrees that during the term hereof the Tenant, its officers, employes, customers and invitees, shall have the continuous right to use jointly with others any street, alleys, sidewalks, escalators, parkways, drives, or other rights of way, and any parking lots and ramps for automobiles, truck roads, loading platforms and common facilities of the Plaza that are in use at the beginning of the term of this lease or which thereafter during the term of this lease are placed in use in the Plaza the use of which the Landlord now or hereafter has the right to grant to Tenant or which the Landlord now or hereafter owns or controls."

On August 15, 1966, Commonwealth sent plaintiff a supplement to the lease. The supplement substituted an "as built" floorplan for the first floor of the Salem Plaza. "Exhibit A" attached to the supplement includes the ground floor parking lot with the notation that "ALL PARKING FACILITIES IN THE SALEM PLAZA ARE LIMITED TO CUSTOMERS ONLY."

In 1977, defendant acquired Commonwealth's interest in the leases at the Salem Plaza. The two largest tenants, plaintiff and Bishop's Men's Store, interpreted the parking provisions of their respective leases differently. Plaintiff interpreted Paragraph 15 in conjunction with the notation on the supplement as restricting parking to customers only with the exception of one designated space for a business vehicle. Bishop's interpreted the language in paragraph 18 to allow unrestricted employe parking. In an attempt to avoid conflict, defendant notified the Salem Plaza tenants that each tenant could use one parking space for the manager or a designated employe. That parking rule has been in effect since September 1, 1977.

In November, 1977, defendant increased the amount charged for common area maintenance expenses as part of the rent. Plaintiff objected to the charges and refused to pay them. In January, 1983, defendant filed a complaint for forceable entry and detainer. Plaintiff answered the complaint and

tendered to the court $81,148.26 claimed by defendant as additional rent from 1977 to 1983. Plaintiff then filed this action for declaratory judgment.

■■  Central to plaintiff's case is the construction of the lease and the supplement to the lease as they relate to parking. Leases are construed in accordance with the rules applicable to the construction of contracts. *Eggen v. Wetterborg,* 193 Or 145, 153, 237 P2d 970 (1951). Because declaratory judgment proceedings requesting the construction of contracts are legal in nature, factual determinations by the fact finder when supported by substantial evidence are binding on appeal. *C&B Livestock v. Johns,* 273 Or 6, 539 P2d 645 (1975); *Frontier Ins. v. Hartford Fire Ins.,* 262 Or 470, 499 P2d 1302 (1972).

It appears that the case was tried on the basis that the lease and the supplement were to be construed by the trial court. *See* n 1, *supra.* If the trial court were to find the agreements ambiguous, then the court as the factfinder was to declare their meaning on the basis of the evidence adduced at trial. The trial court determined that the lease and supplement were ambiguous and held that the lease does not restrict parking to customers only. Therefore, we must affirm the trial court if there is evidence to support that conclusion. *C&B Livestock v. Johns, supra; Frontier Ins. v. Hartford Fire Ins., supra.*

We consider together the first two assignments of error. The trial court told the jury:

"I instruct you that the court has ruled that the lease does not restrict parking to customers only."

Plaintiff argues that when paragraph 15 of the lease and the wording on Exhibit A attached to the supplement to the lease are considered together the lease is not ambiguous and that, as a matter of law, the agreements preclude employe parking. The second assignment is that the court "erred in not making a finding of fact that 'Exhibit A' of the supplemental *[sic]* to the lease requires that all parking facilities in the Salem Plaza are limited to customers only."

Plaintiff argues that, if we determine that the lease is ambiguous, then the testimony of Mr. Franz, plaintiff's president, as to the circumstances of negotiation of the lease proves that the parties to the lease intended that parking be limited

to customers only. Defendant argues that the lease is ambiguous and that, because the parties submitted the construction of the lease to the trial court, we cannot disturb those findings unless we hold that the lease is unambiguous.

The threshold question is whether the lease is ambiguous, *i.e.,* "whether the words have either no definite sense or have more than one, so that a reasonable person would have doubt as to their meaning." *Taylors Coffee Shop v. Taylor,* 56 Or App 419, 422, 643 P2d 347, *rev den* 293 Or 235 (1982). Paragraph 15 of the lease, titled "PARKING OF CARS," grants to each tenant the right to one designated, exclusive parking space for a business vehicle. Nothing in that paragraph expressly precludes employes from parking in the other parking spaces. Paragraph 18, titled "ACCESS TO PREMISES," grants employes "the continuous right to use jointly with others any * * * parking lot * * * for automobiles." Plaintiff relies on the "customers only" notation contained on Exhibit A to the supplement. The supplement states that it "modifies and supplements" the lease and was signed by both parties. Defendant argues that the supplement simply replaces the original floorplan with an "as built" floorplan and that the notation was not intended to be a term of the lease.

The language of the notation that "all parking in the Salem Plaza is limited to customers only" is clear. However, that language does not support plaintiff's interpretation of the lease. Plaintiff interprets the lease as limiting parking to customers only, except for one designated space for a business vehicle. The clear language of Exhibit A would preclude *any* non-customer parking, including parking of the tenant's business vehicle. We agree with the trial court that the provisions of the lease and the supplement are inconsistent, and we cannot, by looking at the agreements as a whole, reconcile the inconsistency. The lease is ambiguous. *See Far West Reforesters, Inc. v. Dept. of Forestry,* 61 Or App 138, 143, 656 P2d 374 (1982). The trial court did not err in instructing the jury that the lease did not restrict parking to customers only. Because we find no reversible error, plaintiff's assignment of error concerning the admissibility of evidence in support of its claim for damages is moot.

The final issue is whether the trial court erred in allowing defendant's motion to amend its counterclaim to

include an additional $6,184.30 for administrative expenses chargeable as common area maintenance expenses under the lease.

ORCP 23B provides in pertinent part:

"If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice such party in maintaining an action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

Defendant originally counterclaimed for $80,978.52 as common area maintenance expense. At trial it introduced evidence that the expenses totaled $87,162.82, because they included an administrative fee. Plaintiff objected to the evidence on the ground that the additional fee was not pled. On defendant's motion the counterclaim was amended to conform to the proof of the additional fee, and the jury by special verdict found that the administrative fee was recoverable under the terms of the lease.

On appeal plaintiff argues that it was "surprised" at trial by the introduction of evidence of the administrative fee and was therefore prejudiced in its ability to meet the amended counterclaim. Allowing a motion to amend the pleadings to conform to the proof "lies within the sound discretion of the court and will not be disturbed unless it affirmatively appears that such discretion was clearly abused to the material injury of some substantial right of a party." *Morrill v. Rountree,* 242 Or 320, 324, 408 P2d 932 (1966). Under ORCP 23B, the court may grant a motion to amend the pleadings when the objecting party fails to satisfy the court that the admission of the evidence would prejudice its ability to defend upon the merits. *Holmes v. Oregon Assn Credit Mgmt,* 52 Or App 551, 558, 628 P2d 1264 (1981). We do not find that the trial court abused its discretion, because there is no evidence of prejudice beyond plaintiff's assertion.

Affirmed.