Argued and submitted December 12, 1988, reversed and remanded for further proceedings May 3, 1989

# NORTHWEST WHOLESALE STATIONERS, INC.,
*Respondent,*

*v.*

# McCORMACK et al,
*Appellants.*

(A8703-02100; CA A48269)

772 P2d 1360

Douglas C. Blomgren, Portland, argued the cause for appellants. With him on the briefs was Preston, Thorgrimson, Ellis & Holman, Portland.

David J. Sweeney, Portland, argued the cause for respondent. With him on the brief was Gilbertson, Brownstein, Rask, Sweeney, Kerr & Grim, Portland.

Before Joseph, Chief Judge, and Graber and Riggs, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendant Sivco Employees Profit Sharing Trust (SIVCO) appeals from a summary judgment in favor of plaintiff Northwest Wholesale Stationers, Inc., (NWSI) and also assigns error to denial of its motion for summary judgment. We reverse.

NWSI, as lessee, and SIVCO's predecessor, as lessor, entered into a lease in August, 1971. The original lessor assigned its rights to SIVCO. The lease term was from April 1, 1972, through March 31, 1987. Rent was fixed at $972,000 for the 15-year period, payable in monthly installments of $5,400. The lease provided that NWSI could renew for a "further term of five (5) years and for an additional five (5) years at a reasonable rental by giving Lessor notice in writing of its election to renew six months prior to expiration of this lease." The lease also provided that notice of renewal would bind the parties for the renewal period and provided for arbitration if the parties could not agree on a reasonable rental rate.

On September 30, 1986, NWSI notified SIVCO of its intent to renew the lease and its understanding that the lease payments during the five-year renewal period would remain "at current levels." SIVCO responded that the parties were required to negotiate and, if necessary, to arbitrate the rent issue. On March 31, 1987, NWSI filed an action for declaratory relief. In response, SIVCO moved for an order to abate the action and to require arbitration. The trial court denied the motion. NWSI then moved for judgment on the pleadings, and SIVCO moved for summary judgment. Treating the respective motions as cross-motions for summary judgment, the court granted NWSI's motion and denied SIVCO's.[1]

---

[1] NWSI's contention that SIVCO failed to carry its burden of proof at the hearing, because it failed to submit affidavits pertaining to the intent of the parties, is irrelevant. Because both parties considered the lease unambiguous, the only affidavit before the court was by SIVCO's attorney, attesting to the authenticity of the lease. If the lease terms are unambiguous, then interpretation is a matter of law, and the court would not require evidence other than the lease. If, however, the lease is ambiguous, the ambiguity would create a question of fact regarding the parties' intent, and the court could not grant summary judgment without the submission of affidavits or other evidence upon which it could base its decision. *McIntire v. First Far West Life Ins.*, 49 Or App 253, 255, 619 P2d 1300 (1980). Here, the court interpreted the lease as a matter of law (as we do) and, thus, affidavits or other evidence was not a prerequisite to the trial court's decision.

The relevant provision of the lease is:

"Lessee shall have the option of renewing this lease upon the terms and conditions herein for a further term of five (5) years and for an additional five (5) years at a reasonable rental by giving Lessor notice in writing of its election to renew six months prior to expiration of this lease. The giving of such notice shall be sufficient to make the lease binding for the renewal term without further act of the parties who shall then be bound to take the steps required in connection with the rent as specified below. In the event that the parties are unable to agree upon what rental shall be reasonable for such further term, before the term commences, the questions shall be submitted to a Board of Arbitrators, each party to appoint one arbitrator and the two appointed, if unable to agree, to agree to a third. The decision of a majority of such arbitrators as to the reasonable rental to be paid for such further term shall be binding upon the parties hereto."

In construing a lease, general rules of contract construction apply, *LaPointe's, Inc. v. Beri, Inc.,* 73 Or App 773, 777, 699 P2d 1173 (1985), and the primary issue is the intent of the parties. *Taylor's Coffee Shop v. Taylor,* 56 Or App 419, 422, 643 P2d 347, *rev den* 293 Or 235 (1982). A contract provision is unambiguous if its meaning is so clear as to preclude doubt by a reasonable person. *Deerfield Commodities v. Nerco, Inc.,* 72 Or App 305, 317, 696 P2d 1096, *rev den* 299 Or 314 (1985). Both parties contend that the language is unambiguous, but they nonetheless dispute its meaning. We conclude that the language admits of only one reasonable reading, as a matter of law.

The dispute comes down to whether the phrase "at a reasonable rental" pertains to both or just the second of the renewal periods. SIVCO contends that the lease should be read as if it expressly provides that each renewal period is subject to the provisions that a reasonable rental be negotiated and that NWSI give notice of its intent to exercise each option. NWSI, on the other hand, asserts that the lease should be read to say that the parties need not negotiate the rent for the first five-year option, but both periods are subject to NWSI's giving SIVCO notice of its intent to renew. The trial court agreed with NWSI.

In determining whether and what terms are modified by subsequent qualifying language, we look to the language of

the entire contract and the reasonableness of the proffered interpretations. In *Jarrad v. Continental Casualty Company,* 250 Or 119, 440 P2d 858 (1968), the court dealt with a definition in an insurance policy that

> " '[i]nsured dependent' wherever used in this policy means any of the following persons not eligible Members or Employees of Members of the Holder for whom written application has been made and accepted by the Company and for whom the required premium, if any, has been paid: * * * children * * * over 14 days and under 23 years of age." 250 Or at 122.

The plaintiff relied on the so-called last antecedent grammar rule to support its argument that, in the absence of any indication to the contrary, modifying language in a sentence refers to the antecedent most immediately preceding the modifier. Thus, the clause "for whom written application has been made and accepted by the Company" would modify only the immediately preceding language: "eligible Members or Employes of Members of the Holder."

The insurance company argued that the language also modified the earlier words "any of the following persons," thus requiring a written application before any of those persons would be insured. The court rejected the plaintiff's argument, as we reject NWSI's argument here. Technical rules of grammar cannot control construction if the result would be to render language meaningless or absurd, 250 Or at 124, or when the more extended application of the qualifying language is required by the apparent intent and the context. *Johnson v. Craddock,* 228 Or 308, 316, 365 P2d 89 (1961).

Although even the slightest indication of intent to extend qualifying language to a more remote antecedent is usually enough to preclude application of the grammatical rule, there is here more than a mere indication that the language about the rent pertains to both renewal terms. In the lease provision itself, no commas separate the language pertaining to the five-year periods, and the modifying language logically refers to the entire phrase, encompassing both periods. More persuasive is that the phrase "further term" is used once expressly to denote the first renewal option ("Lessee shall have the option of renewing this lease * * * for a further term of five (5) years"), a second time in reference to arbitration (if the parties should be unable to agree upon a reasonable

rent for "such further term") and a third time when declaring that the arbitrator's decision regarding rent for "such further term" shall bind the parties. The grammatical structure of the whole sentence and the use of the phrase "further term" without any special limitation leads us to conclude that the phrase "at a reasonable rental" applies to both renewal terms. *See Eggen et ux. v. Wetterborg et al.,* 193 Or 145, 153, 237 P2d 970 (1957).

Although the lease provides that it be paid at the rate of $5,400 a month, the only amount actually referred to as "rental" is $972,000. If NWSI's construction were consistently applied, the rental for the first renewal would be the same as the initial 15-year period: $972,000. Of course, NWSI does not specifically argue for that position, but it illustrates that its interpretation of the language, if consistently applied, would lead to absurd results. If the parties intended the qualifying language to apply only to the nearest antecedent, then NWSI would only be required to give notice of its intent to renew for only the second five-year period. However, NWSI agrees that it was required to give notice of its intent to renew the lease six months before the original 15-year period expired. It has offered no sensible reason why the qualifying language about notice should apply to the remote antecedent when the other qualification does not. The trial court erred in granting a summary judgment to NWSI. The parties have a duty to attempt to negotiate a reasonable rental and, if they cannot agree, they must, according to the lease, arbitrate the issue.

Reversed and remanded for further proceedings not inconsistent with this opinion.